**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUL 19 2001

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 00-5099 |
| v. | (N.D. Oklahoma) |
| JESUS FERNANDO MIRANDA, | (D.C. No. 99-CR-89-C) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

On September 29, 1999, Mr. Miranda pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(b)(1)(B). During the hearing, Mr. Miranda explained to the district court his involvement in the cocaine conspiracy. On May 8, 2000, Mr. Miranda testified at the sentencing hearing of his codefendant, Luis Baeza. At that time, Mr. Miranda recanted his prior testimony from September 29, 1999, as it pertained to Mr. Baeza and denied any involvement with him. Mr. Miranda testified that his source of supply for cocaine was an individual named "Frank." Mr. Miranda was also unable to recall several of his earlier statements as recorded in law enforcement reports.

In addition, Mr. Miranda's presentence report indicated that Mr. Miranda was involved in an attempt to solicit the murder of two people associated with his drug dealing activities. The report recommended that this conduct supported an upward adjustment for obstruction of justice. Mr. Miranda objected to this provision.

In sentencing Mr. Miranda to 110 months' imprisonment, the district court applied the two-level enhancement pursuant to USSG § 3C1.1 for obstruction of justice and refused to apply a downward adjustment for acceptance of responsibility under USSG § 3E1.1. On appeal, Mr. Miranda challenges both the enhancement and the refusal to apply a downward adjustment for acceptance of responsibility. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. DISCUSSION

**A. Two-Point Increase for Obstruction of Justice**

Mr. Miranda contends the district court erred by imposing a two-level enhancement of his sentence for obstruction of justice pursuant to USSG § 3C1.1 after determining he committed perjury at his and at his codefendant's sentencing hearing. At his sentencing hearing, Mr. Miranda denied any involvement regarding the solicitation of the murders of two people associated with the conspiracy. An agent and a confidential informant provided testimony to this effect. In response to Mr. Miranda's objection to the presentence report which cited this testimony in support of an enhancement for obstruction of justice, the district court stated that it was "satisfied from the testimony that has been presented through the agents and through the confidential informant . . . that the obstruction of justice as explained in the presentence report is appropriate and proper." Aplt's App. at 183. Based on this evidence and after considering Mr. Miranda's recantation at Mr. Baeza's sentencing hearing, the district court determined that Mr. Miranda's testimony was false.

We review for clear error the district court's factual findings supporting the application of a particular sentencing guidelines provision and its legal conclusions de novo. See United States v. Shumway, 112 F.3d 1413, 1426 (10th Cir. 1997).

The sentencing guidelines mandate a two-point upward adjustment if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense." United States v. Chavez, 229 F.3d 929, 955 (10th Cir. 2000) (quoting USSG § 3C1.1). Obstruction of justice includes committing perjury. See USSG § 3C1.1, cmt. n.4(b); United States v. Hargus, 128 F.3d 1358, 1365 (10th Cir. 1997). "To establish a defendant's perjury, the court must find that he (1) when testifying under oath, gives false testimony; (2) concerning a material matter; (3) with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Copus, 110 F.3d 1529, 1536 (10th Cir. 1997) (internal quotation marks and citation omitted).

First, Mr. Miranda challenges the nature of the trial testimony regarding the murder solicitation as double hearsay. We need not address this matter because we agree with the district court's conclusion that Mr. Miranda's perjury at Mr. Baeza's sentencing hearing was sufficient to support the enhancement for obstruction of justice.

Second, Mr. Miranda contends that, even if his testimony at Mr. Baeza's sentencing hearing was untruthful, it was not material. We disagree. According to the guidelines, "'[m]aterial' evidence, fact, statement or information, as used

-4-

in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." USSG § 3C1.1, cmt. n.6; see also United States v. Bernaugh, 969 F.2d 858, 860 (10th Cir. 1992) (applying obstruction enhancement where defendant "had provided materially false information at his guilty plea hearing with respect to the roles of his codefendants").

In deciding to impose the two-point increase for obstruction of justice, the district court stated:

> As far as the Court is concerned, as far as the obstruction of justice is concerned, you don't even have to rely upon the reliable testimony of the threats of murder. The false testimony given is an obstruction of justice in and of itself, and the Court finds in both instances that it is sufficient to support the presentence report. I therefore overrule the objection, and I accept the presentence report as it is presented to the Court.

Aplt's App. at 190. Here, as in Bernaugh, Mr. Miranda's "perjury with respect to the actors associated with him in the transaction easily could be an attempt to affect his own sentencing, by impairing the court's inquiry under Fed. R. Crim. P. 11(f), obfuscating his role in the transaction, and otherwise." Bernaugh, 969 F.2d at 862. Thus, we conclude the district court did not err by imposing the two-level USSG § 3C1.1 enhancement for perjury.

**B. Acceptance of Responsibility**

-5-

"We review the 'acceptance of responsibility' determination as a question of fact under the clearly erroneous standard. As such, the trial court's determination of whether a defendant has accepted responsibility is subject to great deference on review and should not be disturbed unless it is without foundation. However, while we must give due deference to the district court's application of the guidelines to the facts, we review the application of the guidelines fully for errors of law. Pure questions of interpretation of the sentencing guidelines, which are closely analogous to questions of statutory interpretation, are questions of law. We review questions of law de novo." United States v. Amos , 984 F.2d 1067, 1071-72 (10th Cir. 1993) (internal quotation marks and citations omitted).

Section 3E1.1 of the Sentencing Guidelines states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." USSG § 3E1.1(a). The commentary to that section provides that an obstruction of justice enhancement pursuant to § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," but adds that "there may . . . be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, application note 4. The question before us is whether the district court erred in

determining that this is not one of those extraordinary cases. We believe that it did not.

When a court determines whether a defendant is eligible for a downward adjustment for acceptance of responsibility, the application notes to the Guidelines consider:

> truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under [§ 3E1.1(a) ]. A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.

USSG § 3E1.1, application note 1(a). Relevant conduct includes "in the case of a jointly undertaken criminal activity ( . . . whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B).

Here, Mr. Miranda lied about his co-defendant's involvement in the conspiracy. Moreover, Mr. Miranda's lie about the involvement of Mr. Baeza hindered investigators from "determining all acts committed in furtherance of the jointly undertaken criminal activity." United States v. Patron-Montano, 223 F.3d 1184, 1190 (10th Cir. 2000); see also United States v. Murray, 65 F.3d 1161,

1165-66 (4th Cir. 1995) (holding that a defendant who denied involvement of co-defendant during co-defendant's trial had intentionally misled law enforcement officers and should not receive a downward adjustment for acceptance of responsibility). Thus, Mr. Miranda's perjury constituted the false denial of relevant conduct.

This court recently stated in Patron-Montano:

> Although it would be error for a district court to categorically deny the § 3E1.1 decrease simply because a defendant lied about relevant conduct, the court can properly consider a defendant's lie about relevant conduct in evaluating the defendant's eligibility for a § 3E1.1 decrease. When a sentencing court concludes that a defendant lied about relevant conduct, the court could, in an exceptional case, still give a reduction for acceptance of responsibility.

Patron-Montano, 223 F.3d at 1191. Here, there is no evidence demonstrating that this is an extraordinary case in which a reduction of responsibility is merited despite the defendant's lie about relevant conduct. It is Mr. Miranda's burden to prove that he is entitled to a decrease for acceptance of responsibility under § 3E1.1, see United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995), and he has failed to meet that burden. Thus, the district court properly denied the § 3E1.1 decrease.

## II. CONCLUSION

-8-

For the reasons stated above we conclude the district court did not err by imposing the two-level USSG § 3C1.1 enhancement for perjury, and we affirm the district court's denial of the downward adjustment for acceptance of responsibility.

Entered for the Court,


Robert H. Henry
Circuit Judge