**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

CHRISTOPHER NOAH MOLLNER,

        Defendant-Appellant.

No. 09-4158

---

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:08-CR-00156-TS-1)**

---

Jeremy M. Delicino, Salt Lake City, Utah (Stephen R. McCaughey of McCaughey & Metos, Salt Lake City, Utah, with him on the brief), for Defendant-Appellant.

Karin M. Fojtik, Assistant United States Attorney (Carlie Christensen, United States Attorney, with her on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **KELLY**, **LUCERO**, and **HOLMES**, Circuit Judges.

---

**HOLMES**, Circuit Judge.

---

Defendant-Appellant Christopher Noah Mollner pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113. Prior to sentencing, the district court granted the government's motion to compel Mr. Mollner to testify at the

trial of his co-defendant, Ira Burdell Wakefield, and to grant Mr. Mollner immunity for his testimony.  However, Mr. Mollner refused to testify.  At Mr. Mollner's sentencing hearing, the district court adjusted his offense level upward by two levels for obstruction of justice under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3C1.1 based upon Mr. Mollner's refusal to testify, and sentenced Mr. Mollner to 100 months' imprisonment.[1]

On appeal, Mr. Mollner challenges the district court's application of the obstruction-of-justice enhancement.  Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that the district court did not err by increasing Mr. Mollner's offense level for obstruction of justice.  Accordingly, we **AFFIRM** his sentence.

## DISCUSSION

"[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard."  *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008).  "Reasonableness review is a two-step process comprising a procedural and a substantive component."  *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (citing *United States v. Gall*, 552 U.S. 38, 51 (2007)).  "A challenge to the application of a sentencing enhancement tests the 'procedural reasonableness' of a sentence, 'which requires, among other things, a properly calculated Guidelines range.'"  *United States v. Cook*, 550 F.3d 1292,

---

[1]     The district court applied the version of the Sentencing Guidelines dated November 1, 2008.

2

1295 (10th Cir. 2008) (quoting *United States v. Smith*, 534 F.3d 1211, 1226 (10th Cir. 2008)); *see also Smith*, 534 F.3d at 1226 (noting that the defendant's challenge to "the district court's application of the obstruction enhancement under USSG § 3C1.1" constitutes a procedural-reasonableness challenge). "When evaluating the district court's interpretation and application of the Sentencing Guidelines, we review legal questions de novo and factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Munoz-Tello*, 531 F.3d 1174, 1181 (10th Cir. 2008) (quoting *United States v. Wolfe*, 435 F.3d 1289, 1295 (10th Cir. 2006)) (internal quotation marks omitted).

The district court concluded that Mr. Mollner's "refusal to testify at his co-defendant's trial after the immunity order was issued constitute[d] a willful obstruction of justice under Section 3C1.1," and applied the two-level enhancement. R., Supp. Vol. 2, at 16 (Sentencing Hr'g Tr., dated July 8, 2009). On appeal, Mr. Mollner argues that because his "refusal to testify at his co-defendant's trial did not obstruct the investigation, prosecution, or sentencing of *his own* offense, the adjustment was clearly inapplicable." Aplt. Opening Br. at 13 (emphasis added).

## I. *Bernaugh* and Amendment 581 to U.S.S.G. § 3C1.1

Prior to November 1, 1998, it was clear in this circuit that U.S.S.G. § 3C1.1 applied to a defendant who obstructed justice in a case closely related to his own.

3

During that period, U.S.S.G. § 3C1.1 provided that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by **2** levels." U.S.S.G. § 3C1.1 (1990). We interpreted this version of U.S.S.G. § 3C1.1 in *United States v. Bernaugh*, and held that "the section 3C1.1 enhancement applies where a defendant attempts to obstruct justice in a case closely related to his own, such as that of a codefendant." 969 F.2d 858, 861 (10th Cir. 1992).

However, in 1998, subsequent to our decision in *Bernaugh*, the Sentencing Commission amended U.S.S.G. § 3C1.1. In Amendment 581, the Commission set forth the substance of the amendment and explained the reasons for it. *See* U.S.S.G. app. C, amend. 581 (2001). As a result of this amendment, effective November 1, 1998, the text of U.S.S.G. § 3C1.1 read:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

U.S.S.G. § 3C1.1 (1998).[2]

---

[2] Effective November 1, 2006, U.S.S.G. § 3C1.1 was amended to its current form by replacing "during the course of" with "with respect to." *See* U.S.S.G. app. C, amend. 693 (2007).

4

Amendment 581 also added a new application note 1 to the commentary of

U.S.S.G. § 3C1.1:

> This adjustment applies if the defendant's obstructive conduct (A) occurred during the course of the investigation, prosecution, or sentencing of the defendant's instant offense of conviction, and (B) related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) an otherwise closely related case, such as that of a co-defendant.

U.S.S.G. § 3C1.1 cmt. n.1 (1998).[3]

Mr. Mollner contends that, in light of Amendment 581's changes to

U.S.S.G. § 3C1.1 and its application notes, *Bernaugh* is no longer controlling

precedent. *See* Aplt. Opening Br. at 9. Mr. Mollner reasons that:

> While the literal language of the guideline in § 3C1.1 seems to apply broadly to the "instant offense of conviction," the application notes restrict the scope of this adjustment. Indeed, while the pertinent application note closely tracks the language of the guideline, there is one critical distinction, namely that the application note requires that the obstructive conduct occur with respect to "the **defendant's** instant offense of conviction." While this deviation is slight, it nonetheless clearly indicates the Commission's intent to restrict application of the adjustment to obstructive conduct relating solely to the defendant's instant offense of conviction.

*Id.* at 10–11 (citation omitted).

Accordingly, Mr. Mollner asserts that because his "refusal to testify at his

co-defendant's trial did not obstruct the investigation, prosecution, or sentencing

---

[3] Amendment 693 modified application note 1 in 2006 by, *inter alia*, replacing "during the course of" with "with respect to." *See* U.S.S.G. app. C, amend. 693.

5

of *his own* offense, the adjustment [for obstruction of justice] was clearly inapplicable." *Id.* at 13 (emphasis added).

We have not yet determined whether *Bernaugh*'s holding survived Amendment 581 such that U.S.S.G. § 3C1.1's enhancement continues to apply to a defendant's obstruction of justice in a closely related case, such as that of a co-defendant.

## II. U.S.S.G. § 3C1.1, as Amended by Amendment 581

The Sentencing Commission and some of our sister circuits have explained that the amended version of U.S.S.G. § 3C1.1 applies not only to the defendant's obstructive conduct involving his offense of conviction, but also to any of his obstructive conduct involving cases that are closely related to the defendant's case. We agree.

The Sentencing Commission explained that its purpose in issuing Amendment 581 was

> to clarify what the term "instant offense" means in the obstruction of justice guideline, § 3C1.1. This amendment resolves a circuit conflict on the issue of whether the adjustment applies to obstructions that occur in cases closely related to the defendant's case or only those specifically related to the offense of which the defendant [was] convicted. The amendment, which adopts the majority view, instructs that the obstruction must relate either to the defendant's offense of conviction (including any relevant conduct) *or* to a closely related case.

U.S.S.G. app. C, amend. 581 (emphasis added) (citations omitted).

In noting that it was coming down on the side of the majority view, the

6

Commission expressly acknowledged our decision in *Bernaugh* as reflecting that view. *See id.* In other words, the Commission indicated that the effect of the amendment was to embrace the holding of *Bernaugh*, not to reject it.

Several of our sister circuits have interpreted U.S.S.G. § 3C1.1, as revised by Amendment 581, in conformity with the Commission's explanation. Specifically, they have held that a defendant's perjurious testimony in a co-defendant's proceeding supports the application of the obstruction-of-justice enhancement.[4] In *United States v. Savoca*, the defendant claimed that his perjurious testimony at his co-defendant's trial "did not constitute the prosecution of his own 'instant offense of conviction,' and thus, cannot qualify for an obstruction of justice enhancement." 596 F.3d 154, 158 (2d Cir.), *cert. denied*, 130 S. Ct. 3528 (2010). The Second Circuit rejected this argument, explaining that Amendment 581 "clarified that an obstruction of justice enhancement applies to conduct that occurred with respect to 'an otherwise closely related case, such as that of a co-defendant.'" *Id.* (quoting U.S.S.G. § 3C1.1 cmt. n.1).

Similarly, in *United States v. Killingsworth*, defendant Williams argued that his perjurious testimony at co-defendant Killingsworth's pre-sentencing evidentiary hearing could not "give rise to an obstruction-of-justice adjustment

---

[4]     In *United States v. Miranda*, 15 F. App'x 674, 676–77 (10th Cir. 2001), a non-precedential decision, a panel of this court affirmed the district court's application of the obstruction-of-justice enhancement to a defendant who perjured himself at his co-defendant's sentencing hearing.

since the perjury occurred in a proceeding that involved another defendant." 413 F.3d 760, 764 (8th Cir. 2005). The Eighth Circuit concluded that "the adjustment would apply if the defendant obstructed justice in a co-defendant's case. This would include perjury that was immaterial to [the defendant's] *own* sentence and conviction because it was made during his testimony at the criminal proceeding of his co-defendant." *Id.* at 765 (alteration in original) (citations omitted) (internal quotation marks omitted).

In *United States v. Messino*, the defendant argued that "his offending statements were immaterial to *his own* sentence and conviction because they were made during his testimony at the trial of [his] co-defendants." 382 F.3d 704, 708 (7th Cir. 2004). The Seventh Circuit "construed 'closely related' offenses to include a co-defendant's trial. Therefore, it matters not that the offending statements may have been immaterial to *his own* guilt or sentencing." *Id.* (citation omitted).

The Fourth and Ninth Circuits have also rejected the argument that Amendment 581 narrowed the scope of § 3C1.1 to exclude obstructive conduct that does not have a direct nexus to the defendant's offense of conviction. *See United States v. Jones*, 308 F.3d 425, 429 (4th Cir. 2002) ("[O]ther circuits have rejected the argument that the addition of clause (B) rendered § 3C1.1 more rigorous . . . . We agree that clause (B) did not narrow the scope of § 3C1.1. The amendment merely made plain that the broad reading of § 3C1.1 was correct.");

8

*United States v. Verdin*, 243 F.3d 1174, 1180 (9th Cir. 2001) ("The purpose of the amendment . . . is not to restrict the types of obstructive conduct warranting an enhancement . . . but to expand them to include obstructions in a closely related case, such as that of a co-defendant.").

The Third and Sixth Circuits have indicated that they likely would rule similarly. *See United States v. Burke*, 345 F.3d 416, 428–29 (6th Cir. 2003) ("The Sentencing Commission in 1998 resolved the split in favor of the former position"—i.e., that the term "'instant offense' referred to obstruction in both the defendant's case and in other cases closely related to the defendant's case."); *United States v. Imenec*, 193 F.3d 206, 208 n.1 (3d Cir. 1999) ("The application notes indicate that the amendment was intended to address the issue raised in this appeal—*i.e.*, whether the term 'instant offense' applies to obstructions that occur in cases closely related to the defendant's case or only to those obstructions specifically related to the offense for which the defendant has been convicted. . . . It, thus, appears that [the defendant's] conduct would merit enhancement under the 1998 Guidelines." (citation omitted)).

Mr. Mollner's contrary analysis—which attributes great significance to the placement of the word "defendant's" before the language "instant offense of conviction" in application note 1 of § 3C1.1's commentary—is unavailing. Mr. Mollner cites to no authority that even suggests that the Sentencing Commission intended the lone word "defendant's" to engage in such herculean work—*viz.*, to

9

dramatically restrict the scope of the language of § 3C1.1's text, which Mr. Mollner acknowledges "appl[ies] broadly to the 'instant offense of conviction,'" Aplt. Opening Br. at 10, such that the obstruction-of-justice enhancement only applies to a defendant's obstructive conduct committed with respect to his offense of conviction. Nor are we aware of any such authority.

Given the controlling effect ordinarily accorded to Guidelines commentary, *see Stinson v. United States*, 508 U.S. 36, 45 (1993) ("[T]his type of commentary is akin to an agency's interpretation of its own legislative rules. . . . [P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)); *see also United States v. Morris*, 562 F.3d 1131, 1135 (10th Cir. 2009) ("The [*Stinson*] Court reasoned that giving controlling weight to the commentary was particularly appropriate in light of the Sentencing Commission's statutory obligation to review and periodically revise the guidelines."), if the Sentencing Commission had intended for the term "defendant's" to carry such a heavy load, we believe that the Commission would have signaled its intention in clearer terms, *cf. INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 n.12 (1987) (noting "the strong presumption that Congress expresses its intent through the language it chooses"); *Banzhaf v. FCC*, 405 F.2d 1082, 1089 (D.C. Cir. 1968) (noting that if Congress "meant to do anything so dramatic, it

might reasonably be expected to have said so directly"); *Leist v. Simplot*, 638 F.2d 283, 327 (2d Cir. 1980) (Mansfield, J., dissenting) ("Extrapolations based on gossamerthin fabric, requiring speculative assumptions as to Congress' intent are to be avoided. To rely upon such weak inferences is to indulge in judicial legislation.").

In this regard, in discerning the effect of Amendment 581, instead of trying to engage in an act of linguistic alchemy with respect to the lone term "defendant's" in application note 1, we consider it much more useful to focus on what the Sentencing Commission, in pellucid language, said that it was doing: "The amendment . . . instructs that the obstruction must relate either to the defendant's offense of conviction (including any relevant conduct) *or* to a closely related case." U.S.S.G. app. C, amend. 581 (emphasis added). Our sister circuits also have looked to the Sentencing Commission's explanation for Amendment 581 in assessing its import. *See Killingsworth*, 413 F.3d at 764–65; *Jones*, 308 F.3d at 428–29; *Verdin*, 243 F.3d at 1180.

To bolster his argument, Mr. Mollner relies on the Supreme Court's decision in *Stinson*. There, the Court remarked: "[W]e can presume that the interpretations of the guidelines contained in the commentary represent the most accurate indications of how the Commission deems that the guidelines should be applied to be consistent with the Guidelines Manual as a whole as well as the authorizing statute." *Stinson*, 508 U.S. at 45. However, nothing in the

11

interpretive language of application note 1 of § 3C1.1's commentary affirmatively supports the position that Mr. Mollner advances here.  Therefore, Mr. Mollner's reliance on *Stinson* is misplaced.

In sum, in light of the Sentencing Commission's clear explanation that Amendment 581 was adopted to clarify that the term "instant offense" includes obstructions of justice in cases closely related to the defendant's case—a position that the Commission explicitly noted was endorsed by *Bernaugh*—and also given the decisions of our sister circuits interpreting the amended version of U.S.S.G. § 3C1.1 in a manner consonant with the Commission's explanation, we conclude that our holding in *Bernaugh* is still good law.  That is, the obstruction-of-justice enhancement applies where a defendant attempts to obstruct justice in a case closely related to his own, such as that of a co-defendant, even after the Commission's adoption of Amendment 581.  Accordingly, we hold that the district court appropriately applied this enhancement to Mr. Mollner, who refused to testify in his co-defendant's case after being ordered to testify and being granted immunity for his testimony.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** Mr. Mollner's sentence.

12