**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4293**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

EDUARDO CASTELLANOS-LOYA, a/k/a Heriberto Rivera-Malave,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda Wright Allen, District Judge. (4:11-cr-00068-AWA-FBS)

Submitted: December 20, 2012      Decided: January 8, 2013

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Larry M. Dash, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Andrew L. Creighton, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduardo Castellanos-Loya appeals his convictions and twenty-five month sentence for false representation as a United States citizen, in violation of 18 U.S.C. § 911 (2006), and for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c) (2006). We affirm.

Castellanos-Loya first contends that the Government produced insufficient evidence to support his aggravated identity theft conviction. When a defendant challenges the sufficiency of the evidence on appeal, we view the evidence and all reasonable inferences in favor of the government and will uphold the jury's verdict if it is supported by "substantial evidence." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Where the record supports conflicting inferences, we must presume that the factfinder resolved any such conflicts in favor of the prosecution. McDaniel v. Brown, 130 S. Ct. 665, 673 (2010).

To win a conviction for aggravated identity theft, the government must show that the defendant has committed one of certain enumerated predicate offenses and, "during and in

2

relation to" that crime, "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1) (2006); see United States v. Castillo-Pena, 674 F.3d 318, 323 (4th Cir. 2012); United States v. Abdelshafi, 592 F.3d 602, 607 (4th Cir. 2010).

Castellanos-Loya does not dispute that he committed a qualifying predicate offense by falsely representing himself as an American citizen to the agent who detained him, violating § 911, see Castillo-Pena, 674 F.3d at 323, nor does he dispute that a social security number ("SSN") is a "means of identification" for purposes of § 1028A(a)(1). Instead, Castellanos-Loya argues that the Government failed to prove (1) that the SSN belonged to a real person, (2) that Castellanos-Loya knew that it did, and (3) that his possession of the SSN was "in relation to" his lie that he was an American citizen.

We cannot agree. The Government adequately proved that the SSN in question belonged to a real person simply by demonstrating that the number was valid — i.e., that the Social Security Administration's records reflected that the number had been issued to an individual. See United States v. Mitchell, 518 F.3d 230, 234 (4th Cir. 2008); United States v. Melendrez, 389 F.3d 829, 834 (9th Cir. 2004). Although Castellanos-Loya argues that the Government's evidence in this case was insufficient because it failed to rule out the possibility that

3

the SSN could have been fraudulently obtained in the name of a person who never actually existed, we have no difficulty concluding that the jury could properly have found that the Government's evidence sufficed to prove this element of § 1028A "beyond a reasonable doubt." Cameron, 573 F.3d at 183.

Castellanos-Loya's assertion that the Government failed to prove that he knew that the SSN belonged to a real person, see Flores-Figueroa v. United States, 556 U.S. 646, 647 (2009), suffers from a similar ailment: it demands of defendants a degree of certainty that is foreign to long-accepted notions pertaining to a mens rea of "knowledge." See, e.g., Model Penal Code § 2.02(7) (Thompson Reuters, Westlaw through 2011) ("When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person is aware of a high probability of its existence, unless he actually believes that it does not exist."). Castellanos-Loya admitted that the person who sold him the SSN effectively told him that the SSN belonged to a real person. But he now asserts that, despite his subjective belief that the SSN was authentic, he did not actually know that the SSN belonged to a real person because he did not verify that the seller was not lying to him. Although we are mindful of the "difficulty in many circumstances of proving beyond a reasonable doubt that a defendant has the necessary knowledge," we have no doubt that a jury could have

found the requisite knowledge on the facts of this case. Flores-Figueroa, 556 U.S. at 655. See, e.g., id. at 656; United States v. Valerio, 676 F.3d 237, 244-46 (1st Cir. 2012); United States v. Clark, 668 F.3d 568, 574 (8th Cir. 2012); United States v. Doe, 661 F.3d 550, 561-65 (11th Cir. 2011), cert. denied, 132 S. Ct. 1648 (2012); United States v. Gomez–Castro, 605 F.3d 1245, 1249 (11th Cir. 2010).

As for Castellanos-Loya's assertion that the Government failed to prove that he possessed the SSN "in relation to" his false representation offense, he has waived any such argument on appeal by failing to raise it in his Fed. R. Crim. P. 29 motion before the district court. United States v. Chong Lam, 677 F.3d 190, 200 (4th Cir. 2012).

Castellanos-Loya next urges that the district court abused its discretion in declining to prohibit testimony about the date of birth associated with the SSN, due to the Government's late disclosure of the pertinent information. We have reviewed the record and conclude that, regardless of whether the district court properly considered the factors enumerated in United States v. Hastings, 126 F.3d 310, 317 (4th Cir. 1997), any error was harmless. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (holding that evidentiary rulings are subject to harmless error renew).

Finally, Castellanos-Loya attacks his sentence, contending that he was improperly assigned an obstruction of justice enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2011). In assessing whether a sentencing court properly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).

A defendant merits a two-level obstruction of justice enhancement where he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." USSG § 3C1.1. As the application notes specify, the enhancement applies to perjury. USSG § 3C1.1, cmt. n.4(B).

As Castellanos-Loya observes, the obstruction enhancement is inapplicable to his aggravated identity theft conviction and therefore applies only to his false representation conviction under § 911. See USSG § 2B1.6(a). But at trial, Castellanos-Loya admitted his guilt on the false representation charge; thus, he argues, his false trial testimony could have obstructed only his aggravated identity

6

theft conviction, not his § 911 conviction. Because his perjury related only to the former offense, he claims, the district court erred in applying the enhancement to the Guidelines range pertaining to the latter.

But Castellanos-Loya's position underappreciates the "broad reading" that must be given to § 3C1.1. United States v. Jones, 308 F.3d 425, 429 (4th Cir. 2002). In fact, the defendant's "perjurious statements need not be about the offense of conviction [to support application of the § 3C1.1 enhancement]; it is enough if the perjurious statements were given during the investigation, prosecution, or sentencing of the instant offense." Id. at 428 (internal quotation marks omitted). Moreover, the enhancement applies where the obstructive conduct "related to" an offense "closely related" to the defendant's offense of conviction. USSG § 3C1.1. See United States v. Mollner, 643 F.3d 713, 715-19 (10th Cir. 2011) (collecting cases and describing how the term "closely related" was chosen to increase the breadth of § 3C1.1's scope). Given that Castellanos-Loya perjured himself during the trial on his false representation charge and that the statements related to the dependent § 1028A charge, we conclude that the district court did not err in assigning him an enhancement under § 3C1.1. See Mollner, 643 F.3d at 716-17; Jones, 308 F.3d at 429; Doe, 661 F.3d at 566.

Castellanos-Loya's complaint that the district court failed to specifically find that his false testimony concerned "a material matter" fails for the same reason. United States v. Perez, 661 F.3d 189, 192 (4th Cir. 2011). The district court's findings "clearly establishe[d]" that Castellanos-Loya's false trial testimony went to the heart of his § 1028A charge. Id. at 193 (emphasis omitted); United States v. Quinn, 359 F.3d 666, 681 (4th Cir. 2004). And because his false testimony on the § 1028A charge was sufficiently related to his § 911 offense, the district court made all the findings of materiality that were necessary to support the application of the enhancement. See Mollner, 643 F.3d at 717; cf. United States v. Killingsworth, 413 F.3d 760, 765 (8th Cir. 2005) (the enhancement applies to "perjury that was immaterial to the defendant's own sentence and conviction" because it was made during his testimony in a closely related case) (internal quotation marks, alteration, and emphasis omitted).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8