FILED
United States Court of Appeals
Tenth Circuit

January 8, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MICHAEL LEON JOHNSON,

     Defendant - Appellant.

No. 18-7012
(D.C. No. 6:17-CR-00056-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **SEYMOUR**, and **KELLY**, Circuit Judges.
_____

Michael Johnson appeals his sentence of 210 months, arguing that the district court procedurally erred by failing to consider his request for a downward variance. We conclude the district court did not so err. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Johnson was arrested after shooting through the front door of his ex-girlfriend's home. He was charged with one count of being a felon in possession of a firearm and ammunition. Promptly after his arraignment, Johnson filed two motions to suppress. Following a hearing, a magistrate judge recommended that Johnson's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

suppression motions be denied. Faced with a deadline for pretrial documents, the government filed its proposed voir dire, proposed jury instructions, and a trial brief on October 24, 2017. On October 26, after reviewing Johnson's objections and the government's response, the district court adopted the magistrate judge's recommendation to deny Johnson's suppression motions. Later the same day, Johnson filed a notice of intent to plead guilty.

Johnson's Presentence Investigation Report ("PSR") indicated his base offense level was 34. Because Johnson had pled guilty, his offense level was reduced by two points for acceptance of responsibility. The government declined to move for a third point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). With a criminal history category of VI, Johnson's Guidelines range was 210 to 262 months.

Johnson moved for a downward variance to 180 months on two grounds. He cited his advanced age and poor health, arguing that a within-Guidelines sentence would effectively be a life sentence. Johnson also argued that the government's decision not to move for a third point for acceptance of responsibility was retaliation against his filing of motions to suppress. Although Johnson acknowledged that the government possesses discretion in determining whether to file such a motion, and expressly conceded that it would be improper to order the government to do so, he requested the court vary downward to offset the government's decision. The government responded that it declined to move for a third point based on trial preparation independent of Johnson's motion to suppress.

At sentencing, the district court accepted the PSR, and discussed Johnson's downward variance motion at some length. It ultimately denied the variance request and sentenced Johnson to 210 months. Johnson timely appealed.

**II**

On appeal, Johnson argues that the district court procedurally erred by refusing to consider his argument for a variance relating to the third point for acceptance of responsibility. "A sentencing court's failure to consider a relevant sentencing factor is a form of procedural sentencing error." United States v. Cerno, 529 F.3d 926, 939 (10th Cir. 2008). In considering claims of procedural error, we generally "review legal questions de novo and factual findings for clear error." United States v. Mollner, 643 F.3d 713, 714 (10th Cir. 2011) (quotation omitted).[1]

Before proceeding to the merits of Johnson's claim, we note that Johnson is not challenging the government's decision under § 3E1.1(b). That provision allows the government to move for a third point for acceptance of responsibility if the defendant "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." Id. Filing such a motion is committed to the government's discretion, but courts possess "limited authority" to review whether the decision was "(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." United States v. Moreno-Trevino, 432 F.3d 1181, 1186 (10th Cir. 2005) (quotation omitted).

---

[1] The government contends this claim was not properly preserved and is subject to only plain error review. Because we conclude the district court did not err, we do not need to resolve the preservation issue.

The government concedes that denying a third point based on the filing of a motion to suppress would be improper. See United States v. Marquez, 337 F.3d 1203, 1211 (10th Cir. 2003) (holding, as to a prior version of the Guidelines under which a government motion was unnecessary, that "a district court may not penalize a defendant for bringing a non-frivolous motion to suppress by denying a reduction under subsection (b)(2)"). Rather than basing its decision on the motions to suppress, the government contends that it declined to file a § 3E1.1(b) motion because of other, unrelated trial preparation it was required to undertake. It also notes that Johnson could have moved to continue the trial date so as to permit a ruling on the motions to suppress while also reasonably postponing the government's pretrial work.

In any event, the propriety of the government's decision is not before us. Instead, Johnson argues that the district court erred by refusing to consider a downward variance to compensate for the denial of the third point. As Johnson notes, the district court stated during the sentencing hearing that it was "not even really considering the government's failure to file the third point motion" and indicated it had "not considered the government's failure to file for the third point."

Johnson reads these comments to mean that the district court refused to evaluate whether a variance was warranted on this basis. However, review of the entire sentencing transcript convinces us that the district court was merely stating it did not consider the argument meritorious. The court stated that Johnson's arguments "resonate somewhat," but that they "probably aren't going to carry much weight with me." It also explained that the government's discretion as to the third

4

point could have a "chilling effect, but I am not sure I've ever seen that," noting that there were "many times where the third point was conceded by the government even though the defendant had filed a motion to suppress." The court "recognize[d] the defendant's argument based on the government's refusal to file a motion for [the] third point" and its "authority to vary from the advisory sentencing range," but determined that a variance was not warranted.

In Cerno, upon which Johnson relies, the district court incorrectly believed that it could not consider a relevant sentencing factor. 529 F.3d at 939. Because it acknowledged both Johnson's argument and its own discretion to grant a variance, the district court in this case did not "commit[] procedural error by refusing, as a matter of law, to entertain [Johnson's] argument" for a variance. Id. at 937.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge