**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

DAVID ORTIZ-LAZARO,

        Defendant - Appellant.

No. 16-2141

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:16-CR-02006-TM-1)**
_____

Alonzo J. Padilla, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

James R. W. Braun, Assistant United States Attorney (Damon P. Martinez, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.
_____

Before **BRISCOE, SEYMOUR,** and **McHUGH**, Circuit Judges.
_____

**SEYMOUR**, Circuit Judge.
_____

Defendant Ortiz-Lazaro pled guilty to illegal reentry after deportation in violation of 18 U.S.C. § 1326(a)(1) and (b)(1), and he admitted that he violated the supervised release terms of his prior illegal reentry charge. He appeals his above-guidelines sentence for the supervised release violation as procedurally and substantively unreasonable. We affirm.

I.

On September 4, 2015, Mr. Ortiz-Lazaro pled guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a). He was sentenced to eight months in prison and three years of supervised release, and upon his release from prison he was deported to Mexico. One of his release conditions was that he not illegally reenter the United States. Mr. Ortiz-Lazaro disregarded that condition and on March 19, 2016, he was apprehended by U.S. Border Patrol agents in New Mexico and ultimately charged with reentry after deportation in violation of 8 U.S.C. § 1326(a)(1) and (b)(1).

Mr. Ortiz-Lazaro pled guilty to the § 1326 charge pursuant to a fast track plea agreement. On June 14, 2016, he appeared before the district court for sentencing concerning his most recent illegal reentry charge, and also for a hearing on revocation of his supervised release relating to his prior illegal reentry charge. Regarding the § 1326 charge, the court noted that Mr. Ortiz-Lazaro had illegally reentered the United States a little over a month after his most recent deportation and stated, "I mean, it's obvious to me that you don't respect the law of the United States." Supp. ROA vol. 1 at 12. The court sentenced him to twelve months imprisonment, the high end of the guideline range for the illegal reentry charge.

The district court then held a hearing on revocation of Mr. Ortiz-Lazaro's supervised release. He admitted to violating the supervised release terms. With respect to sentencing, the court noted that the Grade B violation with a criminal history category of II equated to an advisory guideline range of six to twelve months. But the court found that several factors warranted a departure from that range, including that Mr. Ortiz-Lazaro had illegally reentered the United States barely a month after his term of supervised release commenced, had been deported twice before, had also been voluntarily returned to Mexico on three prior occasions, and had previously been convicted of serious violent offenses.

The district court ultimately sentenced Mr. Ortiz-Lazaro to twenty-four months imprisonment on his supervised release violation, to run consecutively to the twelve-month sentence for his current violation of § 1326. Mr. Ortiz-Lazaro did not lodge any objection to the court's explanation of reasons, nor did he ask for clarification of the material on which the court relied in imposing the sentences. The court entered judgment on June 17, 2016, and Mr. Ortiz-Lazaro appeals.

II.

Mr. Ortiz-Lazaro makes multiple arguments on appeal. He contends that (1) his sentence for violation of supervised release condition was both procedurally and substantively unreasonable; (2) his due process rights were violated by the court's consideration of sentencing information that was not provided to him; and (3) his double

3

jeopardy rights were violated because the district court punished him twice for the same reentry. We address each argument in turn.

## A. Reasonableness of Sentences

"Since the Supreme Court's decision in *Booker,* which relegated the Sentencing Guidelines to an advisory status, district courts have been free to apply any sentence that is 'reasonable' under the sentencing factors listed at 18 U.S.C. § 3553(a)." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008) (citing *United States v. Booker*, 543 U.S. 220, 261 (2005)). When we review for reasonableness, our review "includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* Mr. Ortiz-Lazaro argues that his sentence for the supervised release violation was both procedurally and substantively unreasonable.

### 1. Procedural Reasonableness

Mr. Ortiz-Lazaro contends that his sentence was procedurally unreasonable because (1) the district court did not provide specific reasons at the sentencing hearing for its deviation from the Sentencing Guideline Revocation Table; (2) it did not provide reasons in writing for that deviation; (3) it failed to address the need for the sentence to avoid unwarranted sentencing disparities; and (4) it ordered consecutive sentences without weighing the pertinent sentencing factors. We normally review a defendant's claim of procedural unreasonableness for abuse of discretion, "under which we review de novo the district court's legal conclusions regarding the guidelines and review its factual findings for clear error." *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012)

4

(citing *United States v. Mollner,* 643 F.3d 713, 714 (10th Cir. 2011)). "If, however, Defendant did not preserve the procedural challenge below, we review only for plain error." *Id.* "We will find plain error where there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007).

### a. Failure to Provide Specific Reasons at the Sentencing Hearing

Because Mr. Ortiz-Lazaro did not raise any objection to the adequacy of the court's statement of reasons for the sentence imposed, we review for plain error. Mr. Ortiz-Lazaro fails on the first prong because he cannot show there was an error.

In imposing a sentence for a violation of supervised release, a district court is required to consider the policy statements contained in Chapter 7 of the Sentencing Guidelines and a number of factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006); *see also* § 3583(e)(3) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release . . . ."). The court must also "explain its reasons for imposing a sentence." *United States v. Martinez-Barragan*, 545 F.3d 894, 902-03 (10th Cir. 2008); *see also* § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."). If, as in this case, the sentence is outside the guideline range, the court must state "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a

5

statement of reasons form issued under section 994(w)(1)(B) of title 28." § 3553(c)(2).

Nevertheless, when a court imposes a sentence above the guideline range for a supervised

release violation, the court "'is not required to consider individually each factor listed in

§ 3553(a),' nor is it required to 'recite any magic words to show us that it fulfilled its

responsibility to be mindful of the factors that Congress has instructed it to consider'

before issuing a sentence." *Cordova*, 461 F.3d at 1189 (quoting *United States v.

Rodriguez-Quintanilla*, 442 F.3d 1254, 1258-59 (10th Cir. 2006)).

Mr. Ortiz-Lazaro claims that the district court "did not explain at the sentencing

hearing . . . why it concluded that the policy statement did not adequately take into

account Mr. Ortiz-Lazaro's supervised release violation and criminal history." Aplt. Br.

at 18. The record supports our conclusion to the contrary. In explaining why it chose to

deviate from the applicable guideline range, the district court stated the following:

> So the specific finding is that the Defendant violated conditions of Supervised Release by committing another crime, namely, the reentry of a removed alien as reflected in the District of New Mexico Case 16 Criminal Docket 01542 that is contained within the same record of this proceeding. The Court has reviewed the violation report in preparation for today and set -- and the factors set forth in 18, United States Code, 3553(a)(1) through (7).

> The Court determines that the -- under Section 7D1.1 . . . of the sentencing guidelines, the violation to which the Defendant admitted was classified as a Grade B violation. The Criminal History Category is II. A Grade B violation and a Criminal History Category of II establishes a revocation of imprisonment range of six to twelve months.

> The Court finds that the sentencing guidelines are advisory. . . . *[T]he Court has determined that there exists the following sentencing factors that warrant a sentence outside the applicable guideline range: the nature and circumstances of the offense; the history and characteristics of the Defendant* pursuant to 18, United States Code, Section 3553(a)(1), *the*

6

*need to reflect the seriousness of the offense; to promote respect for the law and to provide just punishment for the offense* pursuant to 18, United States Code, 3553(a)(2)(A); *the need to afford adequate deterrence to criminal conduct* pursuant to 18, United States Code, Section 3553(a)(2)(B); *the need to protect the public from further criminal conduct* of the Defendant pursuant to 18, United States Code, Section 3553(a)(2)(C).

*After evaluating the factors listed above, the Court finds the Defendant violated the terms of his Supervised Release just one month after the term commenced by illegally reentering the United States. The Defendant continues to ignore the immigration laws of the United States as he has been deported from the United States on two previous occasions, has been granted a voluntary removal on three occasions and was just sentenced for his third Federal immigration offense.*

*Additionally, while illegally residing in the United States, the Defendant has been convicted of serious offenses*, including a felony weapons related offense that involved violence, specifically, based on the record, the Defendant struck the victim with a tire iron causing physical injury and a misdemeanor harassment offense that involved violence against his daughter. Again, based on the record, specifically, the Defendant struck his daughter with a garden hose and punched her in the face.

Based on these findings, the Court determines that a sentence above the guideline range is warranted in this case and will be reasonable and sufficient but not greater than necessary to accomplish the sentencing goals set forth in 18, United States Code, Section 3553(a).

ROA vol. 2 at 10-12 (emphasis added). The court specifically mentioned Mr. Ortiz-Lazaro's inability to conform his behavior to the terms of his supervised release, his blatant disrespect for immigration laws, and the need to protect the public from his criminal conduct. By so doing, the district court adequately fulfilled its duty under § 3553(c)(2) to "state in open court . . . the specific reason for the imposition of a sentence different from that described," and thus committed no error.

7

**b. Failure to Provide Specific Reasons in Writing**

As we mentioned, § 3553(c)(2) also requires that the reasons for imposing a non-guidelines sentence "be stated with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28." However, there is no indication in the record that the district court completed a written statement of reasons form in this case.

While it does not appear that we have addressed this issue in our circuit, we are persuaded by the holding in *United States v. Pedroza-Orengo*, 817 F.3d 829, 837 (1st Cir. 2016), that the error was harmless. There, reviewing a district court's failure to submit a written statement of reasons under § 3553(c)(2), the court concluded that even under an abuse of discretion standard, "a sentencing court's failure to submit a statement of reasons form will not cause us to vacate the sentence if, '[g]iven our review of the district court's oral explanation, we believe that the district court would have imposed the same sentence had it filed a written statement of reasons form.'" *Pedroza-Orengo*, 817 F.3d at 837 (quoting *United States v. Vázquez–Martínez,* 812 F.3d 18, 25 (1st Cir. 2016)). We agree with this pronouncement and conclude that, in light of the district court's comprehensive explanation for its deviation from the guidelines in open court, the error it made by not submitting a written statement of reasons was harmless.

**c. Failure to Address the Need to Avoid Unwarranted Sentencing Disparities**

Mr. Ortiz-Lazaro next contends the district court failed to address sentencing disparities under § 3553(a)(6), which directs courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been

8

found guilty of similar conduct." Mr. Ortiz-Lazaro never argued that the above-guidelines sentence on his supervised release violation resulted in an unwarranted sentencing disparity. We therefore review for plain error.

Mr. Ortiz-Lazaro has failed to satisfy the first prong of plain error review. As the government pointed out, Aple. Br. at 14, we have said that "when a court considers what the guidelines sentence (or sentencing range) is, it necessarily considers whether there is a disparity between the defendant's sentence and the sentences imposed on others for the same offense." *Gantt*, 679 F.3d at 1248–49. Mr. Ortiz-Lazaro did not respond to this assertion. The court clearly considered the advisory sentencing range, stating that "[a] Grade B violation and a Criminal History Category of II establishes a revocation of imprisonment range of six to twelve months." ROA vol. 2 at 10. When the court then explained why it was differing from those guidelines, it was necessarily considering the sentencing disparity. Accordingly, the court did what it was required to do.

**d. Failure to Weigh the Pertinent Sentencing Factors Before Imposing a Consecutive Sentence**

Mr. Ortiz-Lazaro also challenges the adequacy of the court's explanation for imposing a consecutive sentence. While he asked the district court to impose a sentence that would run concurrently with his sentence for the subsequent reentry violation, he did not object to the adequacy of the court's explanation when it instead imposed a consecutive sentence.

9

"Under 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive or concurrent sentences." *Rodriguez-Quintanilla*, 442 F.3d at 1256.  Section 3584(b) provides that "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider . . . the factors set forth in section 3553(a)."  With respect to cases involving supervised release, § 3553(a)(4)(B) requires the court to consider the applicable guidelines or policy statements issued by the Sentencing Commission.  The applicable policy statement concerning consecutive or concurrent sentences states:

> *Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively* to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f) (emphasis added).  The district court's order requiring Mr. Ortiz-Lazaro's twelve-month sentence to run consecutively to his twenty-four-month sentence was in accordance with the advisory policy statement.

Mr. Ortiz-Lazaro argues that the district court "conducted no analysis of the sentencing factors pertinent to the decision whether to impose consecutive or concurrent sentences."  Aplt. Br. at 25.  But the court stated that it had considered the § 3553(a) factors and we do not require district courts to "consider individually each factor listed in § 3553(a) before issuing a sentence," nor do we require them to "'recite any magic words' to show us that [they] fulfilled [their] responibilit[ies]."  *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) (quoting *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004)).  Accordingly, "the court's election to

10

apply the Chapter 7 advisory policy statement exactly as written was not [error]." *Id.* at 1241.

### 2. Substantive Reasonableness

"We consider the substantive reasonableness of the length of a sentence under an abuse-of-discretion standard." *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quoting *United States v. Landers,* 564 F.3d 1217, 1224 (10th Cir. 2009)). Mr. Ortiz-Lazaro argues that "[b]ecause of the district court's procedural errors, [we] cannot meaningfully review the substantive reasonableness of [his] sentence." Aplt. Br. at 43. As we have held, however, the district court did not make any procedural errors. Thus, our "only question" is "whether the sentence was reasonable—i.e., whether the District Judge abused his discretion in determining that the § 3553(a) factors supported [the] sentence . . . and justified a substantial deviation from the Guidelines range." *Gall*, 552 U.S. at 56. In looking at the detailed explanation the district court gave for its deviation from the guidelines, which we quoted at length above, we conclude that the sentence was reasonable and that the district court did not abuse its discretion.

## B. Due Process

Mr. Ortiz-Lazaro made an argument in his brief that his "Fifth Amendment Due Process rights were violated by the [court's] failure to provide him with and allow him to

address pertinent sentencing information that was apparently provided to the court."

Aplt. Br. at 33. This argument stems from the district court's apparent misstatement in referencing a non-existent "violation report" during the sentencing hearing. Mr. Ortiz-Lazaro claimed that by not being presented with this document, his due process rights were violated. But he conceded during oral argument that there never was a violation report and that he had suffered no harm:

> A: From what we've been able to determine, there was not a violation report.
> Q: So the court misstated, on the record, the sentencing court referred to a violation report but in fact there wasn't one?
> A: That's what it appears.
> Q: How is the Defendant harmed by that? If there in fact wasn't one?
> A: If there was information, I think he had a right to . . . .
> Q: But if there wasn't a report? Is there any harm?
> A: At this point, probably not.

Oral Argument at 11:05-11:29. Our review of the record leads us to the same conclusion.[1]

Accordingly, we affirm.

---

[1] Mr. Ortiz-Lazaro also contends the district court violated his double jeopardy rights by punishing him twice for the same conduct. He claims that both sentences were punishment for his most recent reentry because the court gave identical explanations for its sentence in both judgments. He did not make this argument below, so our review is for plain error. There is no error—Mr. Ortiz-Lazaro was sentenced for two separate crimes. *See Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We therefore attribute postrevocation penalties to the original conviction.").