**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BIRDIE JO HOAKS,

    Defendant - Appellant.

No. 17-6250
(D.C. No. 5:17-CR-00105-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Defendant Birdie Jo Hoaks appeals her 60-month sentence for conspiracy

imposed by the United States District Court for the Western District of Oklahoma.

Her sole issue on appeal is whether the district court's upward variance from the

unchallenged sentencing guideline range of 24 to 30 months was procedurally and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Following a spree of defrauding the Postal Service of almost $62,000 by purchasing stamps with bad checks, Defendant pleaded guilty to conspiring with her twin sister. *See* 18 U.S.C. § 371. The presentence investigation report (PSR) suggested a guideline range of 24 to 30 months' imprisonment. But it noted the "seriousness and continuity" of Defendant's criminal history—including 18 convictions, 13 of which did not count toward her PSR criminal-history points for various reasons including their age— as a factor the sentencing court might consider as a basis for either an upward departure or variance from the guideline range. R., Vol. 2 at 36.

In deciding upon the sentence the district court considered the PSR, Defendant's sentencing memorandum, and Defendant's statement at her sentencing hearing in which she described the abuse she suffered as a child, her close relationship with a son, and her admission of responsibility. At the hearing the court acknowledged that Defendant "had a . . . very unfortunate childhood and society has got to do better." R., Vol. 3 at 14. And it asked questions about her relationship with her son. But the court concluded:

> [I]n considering the sentencing factors set forth in 18 U.S. Code 3553, I think my primary goal right now, and responsibility, is to protect society. Unfortunately, at least by my count, in the presentence report you have 18 prior convictions, an additional 14 arrests. That's – that's the times that you have gotten caught. With all this in mind, it's my judgment that you need to be put

away for as long as I can put you away so you won't be doing this to other people.

R., Vol. 3 at 14.

After imposing the sentence, the court completed a Statement of Reasons form in which it checked boxes indicating it had exceeded the guideline range because of the "nature and circumstances of the offense," "the history and characteristics of the defendant," "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." R., Vol. 2 at 41-42.

Defendant's only procedural challenge to her sentence is that the district court did not adequately explain its upward variance of her sentence at the sentencing hearing or in its Statement of Reasons. Ordinarily, we review the procedural reasonableness of a sentence under an abuse-of-discretion standard. *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1262 (10th Cir. 2014). But because Defendant did not object to the procedure below, we review only for plain error. *See United States v. Mendoza*, 543 F.3d 1186, 1190 (10th Cir. 2008).[1] Under that standard we reverse only if the district court committed "(1) error, (2) that is plain, (3) which affects . . .

---

[1] Defendant argues that she did not have the opportunity to object to the Statement of Reasons because it was issued after the conclusion of her sentencing proceeding. But the proper way to object to a defective Statement of Reasons is to file a motion to correct the document. *See Mendoza*, 543 F.3d at 1195-96.

substantial rights and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

We see no error, much less error that is plain, in the district court's explanation of its sentence at the sentencing hearing. The issue is why the court imposed a sentence twice as severe as the upper end of the guideline sentencing range. The explanation was clear and reasonable: Defendant had not shown the ability to conform her behavior to the law, as established by a horrendous record of arrests and convictions. The court noted that it had considered all the statutory factors. But none could outweigh the threat to society.

As for Defendant's challenge to the Statement of Reasons, she fails on the third prong of plain-error review because she cannot show prejudice from any shortcoming in this postsentencing document. *See United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1264 (10th Cir. 2018) ("[W]e believe that the district court would have imposed the same sentence had it filed a written statement of reasons form." (internal quotation marks omitted)).

Defendant's substantive-reasonableness challenge is that the sentence is greater than necessary to comply with the sentencing factors set forth in § 3553(a). We review for abuse of discretion. *See id.* at 1265 ("A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable.").

4

The district court did not abuse its discretion.  A five-year sentence for Defendant's offense, in light of her criminal history, was hardly whimsical.  At some point even sympathy for a defendant's traumatic childhood cannot override the need to protect society.  And Defendant's love for her son, which apparently had not induced her, in the court's words, to "get a job and take care of [him]," was not a compelling basis for leniency.  R., Vol. 3 at 13.

I.      CONCLUSION

We **AFFIRM** the judgment below.

Entered for the Court

Harris L Hartz
Circuit Judge