**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERMALL CAMPBELL,

    Defendant - Appellant.

No. 19-3019
(D.C. No. 6:14-CR-10104-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MURPHY**, and **EID**, Circuit Judges.
_____

Jermall Campbell appeals the district court's revocation of his supervised

release.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in

part, and remand.

**I**

In 2014, Campbell pled guilty to possession with intent to distribute cocaine.

He was sentenced to 33 months' imprisonment to be followed by 36 months of

supervised release.  Campbell was released from custody in May 2017 and began

serving his supervised release term.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Just two months later, the district court held an informal hearing to address Campbell. It noted that the probation office had reported several violations of Campbell's terms of supervised release in the short time he had been out of prison. The court declined to revoke Campbell's supervised release but warned him against further violations. In December 2017, the probation office moved to modify Campbell's conditions to require a 90-day stay in a residential re-entry center. It noted numerous additional violations as the cause for this request. Campbell waived his right to a hearing, and the district court granted the modification.

In November 2018, Campbell was arrested for aggravated domestic battery. The probation office requested the district court issue a warrant for Campbell. It subsequently provided a violation report identifying eighteen alleged violations between May 2017 and November 2018. Sixteen were Class C violations and two were Class B violations.

At his revocation hearing, Campbell admitted to the sixteen Class C violations. The government requested that the remaining two violations be dismissed. With Campbell's category VI criminal history, the Guidelines policy statement on supervised release recommended a term of 8-14 months' imprisonment. U.S.S.G. § 7B1.4(a). The district court imposed a sentence of sixteen months' imprisonment to be followed by 24 months of supervised release. Campbell timely appealed.

## II

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Jones, 818 F.3d 1091, 1097 (10th Cir. 2016).[1]

Campbell argues the district court failed to consider the Guidelines policy statements on supervised release and the sentencing factors set forth in 18 U.S.C. § 3553(a). Although a district court is required to consider those sources in imposing a sentence for violating the terms of supervised release, it "is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." United States v. Ortiz-Lazaro, 884 F.3d 1259, 1262 (10th Cir. 2018) (quotations omitted). We are satisfied, in light of the district court's lengthy discussion of its reasons for imposing a sixteen-month sentence, that it adequately considered the necessary factors.

Next, Campbell argues the district court violated § 3553(c)(2) by failing to provide a written statement of reasons for the sentence imposed. Although the district court did not provide a written explanation, we conclude its error was harmless. Ortiz-Lazaro, 884 F.3d at 1264 (because the district court gave a

---

[1] Although the government contends that plain error review governs, we do not need to resolve the question because Campbell's claims fail regardless.

3

"comprehensive explanation for its deviation from the guidelines in open court, the error it made by not submitting a written statement of reasons was harmless").[2]

Lastly, Campbell contends the district court erred in imposing a 24-month term of additional supervised release. The government concedes that under 18 U.S.C. § 3583(h), Campbell faced a maximum of 20 months of additional supervised release to follow his sixteen-month sentence. We agree and thus reverse that portion of the sentence.[3]

### III

For the foregoing reasons, we **AFFIRM** the revocation of Campbell's supervised release, **REVERSE** the district court's imposition of 24 months of additional supervised release, and **REMAND** for further proceedings. We **DENY AS MOOT** the government's Motion for Enforcement of Appeal Waiver.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] The government contends that the foregoing arguments are barred by an appellate waiver. Because appellate waivers do not affect our jurisdiction, we exercise our "discretion to bypass the relatively complex waiver issue and resolve [Campbell's] appeal on the merits." United States v. Black, 773 F.3d 1113, 1115 n.2 (10th Cir. 2014).

[3] The government explicitly does not move to enforce the appellate waiver as to this issue.