**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE RAFAEL PEREZ,

    Defendant - Appellant.

No. 19-6094
(D.C. No. 5:18-CR-00277-R-1)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY** and **MORITZ,** Circuit Judges.
_____

Jose Rafael Perez pleaded guilty to one count of being a felon in possession of

a firearm. After considering the sentencing factors under 18 U.S.C. § 3553(a), the

district court varied from the Guidelines range of 57 to 71 months, and sentenced

Mr. Perez to 96 months' imprisonment. Mr. Perez now appeals the procedural

reasonableness of his sentence, arguing first that the district court wrongly

considered stale convictions and, second, that it failed to explain adequately its

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasons for the sentence. He also appeals the substantive reasonableness of his sentence, arguing that the district court failed to weigh the § 3553(a) factors properly. Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I.  BACKGROUND

On October 3, 2018, an Oklahoma City Police officer investigated a report of a domestic disturbance at the home of Anna Gonzalez. Upon the officer's arrival, a child opened the door and directed the officer to a bedroom. In the bedroom, the officer saw Ms. Gonzalez on the floor with Mr. Perez on top of her. He was pinning her down with his left hand and holding a metal object against her neck with his right hand. Ms. Gonzalez was pleading with Mr. Perez to let her go, to which Mr. Perez responded she would "regret it." ROA, Vol. II at 9. The officer commanded Mr. Perez to drop the object and stand. In response, Mr. Perez placed the object under the bed and told Ms. Gonzalez to "hide it." *Id.* After Mr. Perez was detained, officers located a silver Lorcin 9mm firearm with a loaded 10-round magazine under the bed.

On November 7, 2018, a federal grand jury in the Western District of Oklahoma indicted Mr. Perez for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He subsequently pleaded guilty to the indictment without a plea agreement.

In the Presentence Investigation Report ("PSR"), the United States Probation Office recommended a base offense level of 20, a 4-level enhancement for using the firearm in connection with a state felony charge (which was dismissed in lieu of the

2

federal prosecution), and a 3-level reduction for acceptance of responsibility. This resulted in an offense level of 21. Based on three of Mr. Perez's prior criminal convictions, the report placed him in a criminal history category of IV. It also noted several other convictions—including two firearms-related convictions in 1995 and another in 2002. The PSR calculated Mr. Perez's Guidelines range as 57 to 71 months' imprisonment. Neither party objected to the report.

Prior to sentencing, Mr. Perez filed a sentencing memorandum describing the childhood circumstances that led him to gang activity, his good relationship with Ms. Gonzalez, his medical conditions, and his efforts to obtain education. At the sentencing hearing, Mr. Perez's counsel argued that the district court should consider these mitigating facts when determining an appropriate sentence. Counsel for the prosecution requested an upward variance from the Guidelines range based on Mr. Perez's extensive criminal history.

The district court stated that it had "carefully read and considered" the PSR, the sentencing memoranda submitted by both parties, the sentencing Guidelines, the statements of the parties in the sentencing hearing, and the sentencing factors in 18 U.S.C. § 3553(a). ROA, Vol. III at 20. The court further stated:

> I do see some modicum of effort to improve yourself by getting some education. On the other hand, I look back and it's just lucky, fortunate, that you have never killed somebody. I won't review those convictions again, but just time and again, drive-by shootings, possession of weapons, drunk driving repeatedly, and then in this occasion—frankly, I'm shocked that your wife is here. If somebody held a gun to me, to my neck—and fortunately, very fortunately, you didn't kill her, either intentionally or accidentally—there you were drunk with a gun to a woman's head—and all of that just strikes me as—that you are a danger to the public and that [you]

3

should be away for a significant time, just—I said primarily for the protection of the public.

ROA, Vol. III at 20–21. The court then varied upward, sentencing Mr. Perez to a prison term of 96 months. In its written statement of reasons, the district court listed "[t]o protect the public from further crimes of the defendant" as the only justification for the variance. ROA, Vol. II at 31.

## II. PROCEDURAL REASONABLENESS

Mr. Perez challenges the procedural reasonableness of the district court's sentence on two grounds. First, he argues the court wrongly considered prior convictions that were too old to be used in the Sentencing Guidelines calculations. Second, he argues that the court's explanation for imposing a 96-month sentence was not sufficiently thorough.

### A. Standard of Review

"We normally review a defendant's claim of procedural unreasonableness for abuse of discretion . . . ." *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1262 (10th Cir. 2018). "If, however, Defendant did not preserve the procedural challenge below, we review only for plain error." *Id.* (quotation marks omitted). "We will find plain error where there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

Mr. Perez did not object at the sentencing hearing to either of the procedural issues he raises on appeal. Nevertheless, he argues that because counsel had no

4

opportunity to object to the adequacy of the district court's *written* statement of reasons, that issue should be reviewed under an abuse of discretion standard. We are unpersuaded. "[A] party's failure to preserve error is excused if it did not 'have an opportunity to object.'" *United States v. Mendoza*, 543 F.3d 1186, 1195 (10th Cir. 2008) (quoting Fed. R. Crim. P. 51(b)). Here, Mr. Perez had such an opportunity.

Federal Rule of Criminal Procedure 35(a) permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." We have previously "conclude[d] that failure to include the specific reasons for a variance in the written order of judgment and commitment constitutes 'clear error' for purposes of Rule 35(a)." *Mendoza*, 543 F.3d at 1195. Thus, Mr. Perez could have raised his objection to the adequacy of the district court's written statement of reasons in a Rule 35(a) motion to the district court. *See id.* ("Rule 35(a) allows a party to move for entry of a written statement of reasons, and . . . such a motion is the proper means of raising and preserving an objection to the court's failure to do so." (citing *United States v. Verkhoglyad*, 516 F.3d 122, 134 n.8 (2d Cir. 2008))). Because Mr. Perez did not file a Rule 35(a) motion regarding the adequacy of the statement of reasons, this challenge was not properly preserved. We therefore review both procedural claims for plain error.

### B.   *Age of Prior Convictions*

Mr. Perez first contends that his sentence was procedurally unreasonable because, in explaining the upward variance, the district court relied on prior convictions that were too old for inclusion in his criminal history category

calculation. The court referenced three weapons offenses, two that occurred in 1995 and one that occurred in 2002.

When computing a defendant's criminal history category, the Guidelines count (1) "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense"; (2) "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period"; and (3) "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense." U.S. Sentencing Guidelines Manual § 4A1.2(e) (U.S. Sentencing Comm'n 2018). "Any prior sentence not within the[se] time periods . . . is not counted." *Id.*

Nevertheless, the exclusion of certain prior criminal conduct from the determination of a defendant's criminal history category does not prevent the district court from considering that prior criminal conduct when determining whether a sentence outside the Guidelines range is warranted. "If the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted . . . ." *Id.* § 4A1.2, cmt. n.8; *see also id.* § 4A1.3(a)(1) ("If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."); *id.* § 4A1.3(a)(2) ("The information described in subsection (a)(1)

6

may include information concerning . . . [p]rior sentence(s) not used in computing the criminal history category . . . .").

Moreover, a defendant's prior criminal conduct is properly considered under 18 U.S.C. § 3553(a)(1), which section requires the district court to consider the "history and characteristics of the defendant" when "determining the particular sentence to be imposed." This court has "repeatedly stated that," with few exceptions, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *United States v. Pinson*, 542 F.3d 822, 836 (10th Cir. 2008) (alteration in original) (internal quotation marks omitted); *see also* 18 U.S.C. § 3661. Mr. Perez's prior convictions, regardless of their age, were properly considered by the district court in determining the appropriate sentence. Accordingly, the district court did not plainly err in considering those prior convictions.

### C.    Adequacy of the District Court's Explanation

Mr. Perez next argues that, by offering a brief explanation for the sentence and checking a single box on its written statement of reasons, the district court provided insufficient justification for its upward variance. He also argues the district court failed to address his arguments for a more lenient sentence.

A sentencing judge should articulate "enough to satisfy the appellate court that he has . . . a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Consequently, when varying from the

7

Guidelines, the judge must state in open court "the specific reason for the imposition of a sentence." 18 U.S.C. § 3553(c)(2). This explanation should "allow for meaningful appellate review and . . . promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). The district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. . . . [A] major departure should be supported by a more significant justification than a minor one." *Id.*

The district court adequately explained its reasons for varying upward from a Guidelines range of 57 to 71 months to impose a 96-month sentence. The court first highlighted Mr. Perez's significant criminal history of "time and again, drive-by shootings, possession of weapons, [and] drunk driving repeatedly." ROA, Vol III at 20. And it next focused on the seriousness of Mr. Perez's offense of conviction:

> If somebody held a gun to me, to my neck—and fortunately, very fortunately, you didn't kill her, either intentionally or accidentally— there you were drunk with a gun to a woman's head—and all of that just strikes me as—that you are a danger to the public and that you should be away for a significant time, just—as I said primarily for the protection of the public.

*Id.* at 20–21. Considering that violent and extensive history, the district court concluded a longer period of incarceration was warranted to protect the public.

This justification sufficiently supports the district court's variance of 25 months above the Guidelines range. Because the district court fulfilled its duty under § 3553(c)(2) to "state in open court . . . the specific reason for the

8

imposition of a sentence different from that described" in the Guidelines, it did not plainly err.

We also reject Mr. Perez's claim that the district court's written statement of reasons was inadequate. When a district court varies from the Guidelines range, § 3553(c)(2) requires the court to issue a written statement of reasons. Even where the sentencing court fails to file any statement of reasons, the defendant cannot show prejudice where the court comprehensively explains its reasons in open court such that "we believe that the district court would have imposed the same sentence had it filed a written statement of reasons form." *Ortiz-Lazaro*, 884 F.3d at 1264 (quoting *United States v. Pedroza-Orengo*, 817 F.3d 829, 837 (1st Cir. 2016)). Under such circumstances, failure to file a statement of reasons is harmless error that "will not cause us to vacate a sentence." *Id.* (quoting *Pedroza-Orengo*, 817 F.3d at 837). Nor can it support the prejudice prong of plain error.

Here, the district court did file a statement of reasons, on which it checked the box next to the statement, "To protect the public from further crimes of the defendant." ROA, Vol. II at 31. This explanation is consistent with the explanation given in open court, which concentrated on Mr. Perez's significant and violent criminal history and the necessity of protecting the public from his future crimes. The statement of reasons adequately sets forth the district court's rationale for the upward variance. And even if it

9

did not, the district court's explanation at the sentencing hearing renders harmless any lack of detail in the statement of reasons. *See Ortiz-Lazaro*, 884 F.3d at 1264.

The district court also appropriately considered Mr. Perez's arguments for a more lenient sentence. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments . . . ." *Rita*, 551 U.S. at 356. This includes addressing "the material, non-frivolous arguments made by the defendant." *Pinson*, 542 F.3d at 833. "The district court is not required to recite any magic words to demonstrate that it has considered all of the relevant arguments, but we will not presume the district court weighed a party's arguments . . . where the record provides no indication that it did so." *Id.* (internal quotation marks omitted).

In this case, the district court stated that it had considered Mr. Perez's sentencing memorandum, which explained his gang involvement from a young age, the impact of his diabetes and alcohol abuse on his behavior, his good relationship with Ms. Gonzalez and her children, and his efforts to obtain an education. The court also acknowledged the statements from Mr. Perez and his counsel at the sentencing hearing that discussed his efforts at self-improvement, his compromised state of mind at the time of the offense, his relationship with Ms. Gonzalez, and the circumstances of his criminal history. The court then weighed Mr. Perez's educational efforts against his criminal history, stating, "I do see some modicum of effort to improve yourself by getting some education. On the other hand, I look back and it's just lucky, fortunate, that you have never killed somebody." ROA, Vol. III at 20. Although the district court did not expressly mention each of Mr. Perez's mitigation arguments, it acknowledged it had

reviewed Mr. Perez's sentencing memorandum and that it had listened to defense counsel's arguments.

The district court adequately considered and rejected Mr. Perez's arguments for a more lenient sentence.

### III.    SUBSTANTIVE REASONABLENESS

Finally, Mr. Perez contends that, by mentioning only the need for protection of the public, the district court failed to weigh holistically the § 3553(a) factors. He claims that the upward variance was therefore substantively unreasonable.

### A.    *Standard of Review*

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall,* 552 U.S. at 51. In doing so, "we look at the totality of the circumstances." *United States v. Balbin-Mesa*, 643 F.3d 783, 787 (10th Cir. 2011) (quotation marks omitted). We "will reverse only if the sentence imposed was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017) (internal quotation marks omitted). In other words, "we will reverse a determination only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *Id.* (quotation marks omitted). "[W]e uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence." *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018). "A district court properly engages in this inquiry when it bases its decision on specific,

11

articulable facts supporting the variance and does not employ an impermissible methodology or rely on facts that would make the decision out of bounds." *Id.*

Although "we have cautioned against excessive reliance on a single factor," *United States v. Cookson*, 922 F.3d 1079, 1093 (10th Cir. 2019), a court "need not rely on every single factor" in sentencing, *Barnes*, 890 F.3d at 916. Due to the district court's superior position to find facts, we "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. We "defer not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). "[T]he adequacy of the court's consideration and explanation of the § 3553(a) factors is the keystone of our analysis. We look to the record to determine whether the district court satisfactorily engaged and examined the factors in a holistic fashion." *Barnes*, 890 F.3d at 916.

### B.    Analysis

The district court properly weighed the § 3553(a) factors. It considered Mr. Perez's educational efforts, the nature of the offense, his criminal history, and the Guidelines range, in addition to the need to protect the public from further crimes. Although the district court did not explicitly reference each relevant § 3553(a) factor, it was not required to do so. *See United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) ("[W]e have made it quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence.").

With respect to Mr. Perez's "history and characteristics," 18 U.S.C. § 3553(a)(1), the court recognized that Mr. Perez had made "some modicum of effort to improve [himself] by getting some education." ROA, Vol. III at 20. But the court weighed that effort against Mr. Perez's criminal history of "drive-by shootings, possession of weapons, [and] drunk driving repeatedly." *Id.* The court also focused on the severity of crime of conviction, noting that, "fortunately, very fortunately, you didn't kill [Ms. Gonzalez], either intentionally or accidentally—there you were drunk with a gun to a woman's head." ROA, Vol. III at 20–21. These facts touched on "the nature and circumstances of the offense" under § 3553(a)(1) and implicitly referenced the need for the sentence "to reflect the seriousness of the offense" under § 3553(a)(2)(A).

The district court explicitly considered the sentencing Guidelines and Mr. Perez's Guidelines range. The court thus considered "the kinds of sentences available" under § 3553(a)(3) and "the sentencing range established for . . . the applicable category of offense" under § 3553(a)(4)(A). Additionally, "when a court considers what the guidelines sentence (or sentencing range) is, it necessarily considers whether there is a disparity between the defendant's sentence and the sentences imposed on others for the same offense" under § 3553(a)(6). *United States v. Gantt*, 679 F.3d 1240, 1248–49 (10th Cir. 2012). The district court also explicitly weighed the § 3553(a)(2)(C) factor of "protect[ing] the public from further crimes of the defendant": "[Y]ou are a danger to the public and . . . you should be away for a significant time . . . primarily for the protection of the public." ROA, Vol. III at 21.

13

The district court "engaged and examined the factors in a holistic fashion" and based its decision to vary upward on "specific articulable facts." *Barnes*, 890 F.3d at 916. The court thus did not abuse its broad discretion when it found the § 3553(a) factors justified a 96-month sentence.

## IV.    CONCLUSION

We **AFFIRM** the district court's judgment.

Entered for the Court


Carolyn B. McHugh
Circuit Judge