**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUSTIN DAVID BROWN,

    Defendant - Appellant.

No. 19-8061
(D.C. No. 2:19-CR-00019-ABJ-1)
(D. Wyoming)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Justin David Brown pleaded guilty to two counts of production of child pornography. After considering the factors under 18 U.S.C. § 3553(a), the district court sentenced Mr. Brown to 360 months' imprisonment on each count and ordered the sentences be served consecutively. Mr. Brown appeals his sentence as procedurally and substantively unreasonable. Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In connection with a child pornography investigation, the FBI identified a suspect who was found to be in possession of child pornography. The suspect told FBI agents that he had received a video depicting an adult male's penis in between the buttocks of a toddler from an individual with the screen name "PDDDY." The suspect believed the adult male was anally penetrating the toddler, Child Victim 1 ("CV1"). The FBI executed a search warrant at the suspect's residence and located child pornography on several devices. During a review of the images, the FBI identified four image files depicting the same toddler. The FBI classified two of the images as child pornography—both images are close-ups of CV1's genitalia.

The FBI's investigation identified Mr. Brown as the possible source of the photos of CV1. During a custodial interview, Mr. Brown admitted to sexually abusing his son, CV1, and documenting this abuse with photos and videos. The abuse included anal penetration, Mr. Brown inserting his penis into the child's mouth, and inserting the child's penis into his mouth. Mr. Brown admitted to producing images depicting the abuse of CV1. Mr. Brown further confirmed that he used the screen name "PDDDY," and that he had distributed files containing images of the abuse to one other individual.

Mr. Brown permitted investigators to access his Yahoo! e-mail account. From a review of Mr. Brown's e-mails, investigators learned that Mr. Brown had been communicating with a second individual about CV1. Mr. Brown sent a close-up photograph of a toddler's anus in response to a request for such an image from that

individual. The e-mails also discussed arranging a meeting so the individual could sexually abuse CV1. At the sentencing hearing, Special Agent Nicole Bailey testified about her investigation into Mr. Brown's conduct and her review of his e-mails and chat conversations. She explained that Mr. Brown had agreed to allow the individual to do whatever he wanted with CV1 short of injuring or killing the two-year-old. Mr. Brown planned to watch the abuse of CV1.

On January 18, 2019, a grand jury returned an indictment charging Mr. Brown with two counts of production of child pornography, two counts of transportation of child pornography, and one count of possession of child pornography. On June 24, 2019, Mr. Brown pleaded guilty to two counts of production of child pornography without a written plea agreement.

In the Presentence Investigation Report ("PSR"), the United States Probation Office recommended a total offense level of 43 and a criminal history category of II. The PSR calculated Mr. Brown's sentencing range under the United States Sentencing Guidelines ("Guidelines") as life imprisonment. But because the statutory maximum for each count was 30 years' imprisonment, the Guidelines range was 720 months' imprisonment. As to Mr. Brown's criminal history, the PSR noted a juvenile adjudication related to Mr. Brown's sexual abuse of his eight-year-old cousin. The PSR explained that Mr. Brown was sent to the Wyoming Boys School where he sexually abused other minor students. Neither party objected to the PSR.

Prior to sentencing, Mr. Brown filed a sentencing memorandum discussing the sexual abuse he experienced as a child at the hands of his father and an older male

3

cousin. At the sentencing hearing, Mr. Brown's counsel asked the district court to take Mr. Brown's background into account when imposing a sentence. The district court discussed many of the § 3553(a) factors, including the Guidelines range, Mr. Brown's background, the nature of the offense, the need to promote respect for the law, the need for deterrence, and the need to protect the public from further crimes. The court then concluded that a Guidelines sentence of 720-months' imprisonment was appropriate because the nature of the offense conduct and Mr. Brown's background demonstrated a risk of recidivism absent confinement.

## II.    PROCEDURAL REASONABLENESS

Mr. Brown challenges the procedural reasonableness of the district court's sentence on multiple grounds. First, he questions the adequacy of the district court's analysis of the 18 U.S.C. § 3553(a) factors and its explanation of the sentence imposed. Second, he asserts the district court improperly permitted Special Agent Nicole Bailey to testify about the findings of her investigation at the sentencing proceeding and erred by considering uncharged conduct when imposing a sentence. Third, Mr. Brown claims the district court predetermined his sentence.

### A.    *Standard of Review*

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). "We normally review a defendant's claim of procedural

4

unreasonableness for abuse of discretion . . . ." *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1262 (10th Cir. 2018). "If, however, Defendant did not preserve the procedural challenge below, we review only for plain error." *Id.* (quotation marks omitted). "We will find plain error where there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

Mr. Brown preserved at least one of his procedural challenges in the district court—he objected to the introduction of testimony from Special Agent Bailey at the sentencing hearing as irrelevant. We thus review this alleged error for abuse of discretion. *See id.* But Mr. Brown has not pointed this court to where he preserved his other procedural challenges. *See* Tenth Circuit Rule 28.1(A) ("For each issue raised on appeal, all briefs must cite the precise references in the record where the issue was raised and ruled on."). As there is no indication in the record that Mr. Brown preserved these challenges before the district court, we review them for plain error.[1] *See Ortiz-Lazaro*, 884 F.3d at 1262.

### B.    Adequacy of the District Court's Explanation

Mr. Brown advances several challenges to the adequacy of the district court's analysis of the 18 U.S.C. § 3553(a) factors and its explanation of the sentence imposed. With respect to the § 3553(a) factors, Mr. Brown contends the district

---

[1] Mr. Brown's unpreserved challenges fail under either standard of review. Resolving these challenges on the first prong of plain error, we conclude the district court did not commit any error. Because the district court did not err, it also did not abuse its discretion.

5

court's analysis failed to explain how the 720-month sentence is sufficient but not greater than necessary. He specifically claims the district court "provided a philosophical discussion . . . on the rule of law and society, rehabilitation, and deterrence," but failed to analyze how the 720-month sentence promotes respect for the law, affords adequate deterrence to criminal conduct, or furthers Mr. Brown's rehabilitation. Aplt. Br. at 13–14. With respect to the district court's explanation of the sentence, Mr. Brown argues the court erred by failing to specifically address factors that may have counseled in favor of leniency. According to Mr. Brown, these factors include his own background as a victim of child sexual abuse; his potential to return to society after corrective treatment; his cooperation with law enforcement; and the comparison of his sentence with the sentences of his co-defendants.

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49–50 (2007). But "a specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007). Moreover, we do "not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115–16 (10th Cir. 2006) (quotation marks omitted). But we will not "presume the district court weighed a party's arguments in light of the § 3553(a) factors where the record provides no indication that it did so and

6

no clear explanation of the sentence imposed." *Id.* at 1116. "After settling on the appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. A sentencing judge should articulate "enough to satisfy the appellate court that he has . . . a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, the sentencing court met this standard. The district court noted that it had reviewed the sentencing memorandum submitted by Mr. Brown's counsel, and it gave both parties an opportunity to present argument at the sentencing hearing before imposing a within-Guidelines sentence. The district court explained the Guidelines calculations and specifically indicated it was imposing a sentence in light of the § 3553(a) factors: "The sentence as pointed out here today is one that seeks to be sufficient, but not greater than necessary considering Title 18 United States Code Section 3553(a)." ROA, Vol. III at 74–75. Although the district court was not required to specifically discuss each § 3553(a) factor, *Ruiz-Terrazas*, 477 F.3d at 1202, its explanation at sentencing touched on several factors.

Contrary to Mr. Brown's contention that the district court failed to consider "mitigating personal factors," the district court acknowledged that Mr. Brown was a victim of sexual abuse as a child. And the court noted that Mr. Brown began sexually abusing others as a teenager. *See* 18 U.S.C. § 3553(a)(1) (requiring the district court to consider a defendant's "history and characteristics"). The district court then addressed the need for the sentence "to promote respect for the law," *id.* § 3553(a)(2)(A), and it opined

7

that "[w]hen a predator is allowed to continue to function[,] of course, that is antithetical to the law and a rule of law." ROA, Vol. III at 75. The district court went on to discuss the severity of the conduct of conviction, which involved Mr. Brown sexually abusing and exploiting his two-year-old son. *See* § 3553(a)(1) (requiring the district court to consider "the nature and circumstances of the offense"). The district court next remarked on the need for general deterrence and deterrence specific to Mr. Brown. *See id.* § 3553(a)(2)(B) (requiring the district court to consider "the need for the sentence imposed . . . to afford adequate deterrence"). And while the district court specifically considered the availability of correctional treatment, it expressed concerns regarding Mr. Brown's potential to reoffend:

> There are some programs within the prison system. As pointed out and suggested by [the United States], these offenses tend to repeat. There is a rate of recidivism. It is reflected in the history of this defendant. I am not optimistic that all of this will turn around. I wish that it would.[2]

ROA, Vol. III at 77; *see also id.* § 3553(a)(2)(C) (requiring the district court to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant."); *id.* § 3553(a)(2)(D) (requiring the district court to consider "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). Ultimately, the district court concluded that a "very, very

---

[2] These comments belie Mr. Brown's contention that the district court failed to consider Mr. Brown's potential to return to society with corrective treatment. The district court did consider the availability of treatment programs in prison, but it concluded that Mr. Brown's prior conduct suggested he was likely to reoffend, even with such treatment.

harsh sentence" was appropriate based on both the offense conduct and Mr. Brown's background because "there will be and is a risk that now and in the future should [Mr. Brown] not be confined, [he] would be a potential risk to others." ROA, Vol. III at 77–78. Contrary to Mr. Brown's contentions, the district court's analysis of these factors adequately explains why it imposed a 720-month sentence and why that sentence is sufficient, but not greater than necessary, to achieve the goals of § 3553(a)(2).

Mr. Brown's contentions, that the district court erred by failing to consider several items that may have counseled in favor of leniency, are also meritless. As discussed, the district court did consider mitigating facts from Mr. Brown's background and his potential to return to society with corrective treatment. *See supra* note 2. And the district court did not err by failing to expressly address Mr. Brown's cooperation with law enforcement or the sentences of his co-defendants because Mr. Brown did not make those arguments until appeal to this court.[3] Even if these arguments had been preserved, however, the district court is not required to explain why it disagrees with a defendant's arguments for leniency. *See United States v.*

---

[3] The district court was not required under the § 3553(a) factors to specifically consider Mr. Brown's cooperation with law enforcement or the sentences of his co-defendants. Section 3553(a)(6) requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Mr. Brown's co-defendants received lower sentences than Mr. Brown, but there is no indication in the record that any of them had similar records and was found guilty of similar conduct--that is, two counts of production of child pornography. *See* ROA, Vol. II at 23–24 (noting one co-defendant pleaded guilty to attempted online enticement of a minor); ROA, Vol. II at 52 n.4 (noting another co-defendant pleaded guilty to aid and abet production of child pornography).

*Jarrillo-Luna*, 478 F.3d 1226, 1230 (10th Cir. 2007), *overruled on other grounds by United States v. Lopez-Macias*, 661 F.3d 485 (10th Cir. 2011). Rather, the district court must simply demonstrate that it has considered the party's arguments, *Rita*, 551 U.S. at 356. The district court did so here by noting it had reviewed Mr. Brown's sentencing memorandum and by entertaining argument from his counsel at sentencing. The rejection of those arguments does not equate to the court's failure to consider them.

In sum, the district court adequately explained its imposition of a 720-month, within-Guidelines sentence and sufficiently considered the leniency arguments Mr. Brown brought to its attention.

### C. Consideration of Uncharged Conduct

Mr. Brown argues the district court improperly permitted Special Agent Bailey to testify about her investigation of Mr. Brown and erred by considering uncharged conduct when imposing a sentence. At the sentencing hearing, Mr. Brown objected to the relevance of Special Agent Bailey's testimony. On appeal, Mr. Brown contends, "This testimony was entirely unnecessary as the United States had already provided this uncharged conduct of Mr. Brown in their sentencing memorandum." Aplt. Br. at 11.

We have "repeatedly stated that," with few exceptions, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *United States v. Pinson*, 542 F.3d 822, 836 (10th Cir. 2008) (alteration in original) (internal quotation marks omitted); *see also*

18 U.S.C. § 3661. And the Federal Rules of Evidence, which might permit a court to exclude irrelevant or cumulative evidence, do not apply to sentencing proceedings. *See United States v. Scott*, 529 F.3d 1290, 1298 (10th Cir. 2008); Fed. R. Evid. 1101(d)(3). As such, the district court did not abuse its discretion when it permitted Special Agent Bailey to testify about her investigation of Mr. Brown.

Further, under 18 U.S.C. § 3553(a)(1), "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant." That is, the district court was required to consider what Special Agent Bailey learned about Mr. Brown's past conduct, even if uncharged, as part of the "nature and circumstances" of the charged conduct and Mr. Brown's "history and characteristics."

The district court did not err when it considered Special Agent Bailey's testimony in imposing a sentence on Mr. Brown.

### D. Predetermined Sentence

Mr. Brown claims the district court inappropriately determined it would impose a lengthy sentence prior to considering the information provided at sentencing. Mr. Brown bases this argument on two statements the district court made at the change of plea hearing. First, the district court stated, "It is explained here very briefly by [Mr. Brown's attorney,] Mr. Fleener[,] the sentencing range is huge, but, nevertheless, it is serious, very serious – from 15 years, that is 180 months, to 60 years if concurrent, at the same time,

11

sentences are imposed.[4] Do you understand that?" ROA, Vol. III at 19. Second, the

district court stated, "Now, some words about supervised release. We are looking ahead a

long way ahead for you and a period of supervised release will be imposed." ROA, Vol.

III at 22.

These statements do not indicate that the district court prejudged Mr. Brown's

sentence and planned to impose a term of 30 years' imprisonment on each count to run

consecutively. Rather, these statements are consistent with the requirement under Federal

Rule of Criminal Procedure 11(b)(1) that the district court inform the defendant of the

penalties he faces before accepting the defendant's guilty plea. The district court

correctly informed Mr. Brown that, if he pleaded guilty, he would be subject to a

mandatory minimum of 15 years' imprisonment on each count, and a statutory maximum

of 30 years' imprisonment on each count. The district court also correctly informed

Mr. Brown that "there is a *minimum mandatory* period of supervision of five years."

ROA, Vol. III at 21 (emphasis added). Even if Mr. Brown received the mandatory

minimum term of imprisonment on each count, to run concurrently, Mr. Brown faced at

least 15 years' imprisonment followed by at least 5 years' supervised release. Thus, it

was accurate for the district court to state that a period of supervised release was "a long

way ahead" of Mr. Brown. But nothing in the district court's statements at the change of

---

[4] The district court appears to have misspoken. Mr. Brown could serve as few as 15 years if his sentences were run concurrently, or as much as 60 years if his sentences were run *consecutively*. As the district court later stated, Mr. Brown faced a mandatory minimum of 15 years' imprisonment and a statutory maximum of 30 years' imprisonment on each count.

plea hearing indicate the court had already determined the length of Mr. Brown's sentence.

### III.   SUBSTANTIVE REASONABLENESS

Mr. Brown also raises challenges to the substantive reasonableness of his sentence. Specifically, Mr. Brown contends the district court's analysis was overly focused on providing punishment for the offense and protecting the public from his hypothetical future crimes. Mr. Brown again points to the factors previously discussed that he claims counseled in favor of leniency.

### A.   *Standard of Review*

"[T]he weight the district court places on certain factors is reviewed for substantive unreasonableness." *Pinson*, 542 F.3d at 835–36. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall*, 552 U.S. at 51. We "will reverse only if the sentence imposed was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017) (internal quotation marks omitted). That is, "we will reverse a determination only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *Id.* (quotation marks omitted).

"[W]e presume a sentence is reasonable if it is within the properly calculated guideline range." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013). "The defendant may rebut this presumption by showing that his sentence is unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008). "We do

13

not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (internal quotation marks omitted). Thus, our analysis "examine[s] whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Chavez*, 723 F.3d at 1233 (internal quotation marks omitted).

### B. Analysis

We presume that Mr. Brown's 720-month, within-Guidelines sentence, is reasonable. *See id.* Mr. Brown may rebut this presumption by demonstrating that the length of his sentence is unreasonable under the § 3553(a) factors. *See Alapizco-Valenzuela*, 546 F.3d at 1215.

As explained *supra* Part II.B, the district court's thoughtful sentencing explanation discussed many of the § 3553(a) factors, including the Guidelines range, Mr. Brown's background, the nature of the offense, the need to promote respect for the law, the need for deterrence, and the need to protect the public from further crimes. Ultimately, the district court concluded that a 720-month sentence was appropriate because the egregious nature of the offense conduct and Mr. Brown's background both demonstrate a risk that Mr. Brown will reoffend absent confinement.

None of the arguments Mr. Brown advances on appeal, taken individually or collectively, demonstrate that the district court's conclusion was unreasonable. The

14

district court was permitted to reason that any factors that may have counseled in favor of leniency—such as, the sexual abuse Mr. Brown experienced as a child, the potential for him to return to society following corrective treatment, his cooperation with law enforcement, and the sentences of his co-defendants—were outweighed by other factors. Namely, the district court was permitted to conclude Mr. Brown's history of perpetrating sexual abuse against others, the nature of the sexual abuse he perpetrated against his two-year-old son, and the risk of him reoffending outweighed mitigating factors and warranted a lengthy sentence. This weighing of the § 3553(a) factors was not "arbitrary, capricious, whimsical, or manifestly unreasonable" and was within "the bounds of permissible choice, given the facts and the applicable law in the case at hand." *DeRusse*, 859 F.3d at 1236 (quotation marks omitted). Thus, the district court did not abuse its discretion when it imposed a 720-month sentence, emphasizing the need to protect the public from further crimes of Mr. Brown.

## IV.   CONCLUSION

We **AFFIRM** the district court's judgment.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

15