**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ISIDRO ALONSO PACHECO-
ESPINOZA,

    Defendant - Appellant.

No. 19-2186
(D.C. No. 2:19-CR-01338-JBM-1)
(D. N.M.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **LUCERO**, **KELLY**, and **BACHARACH**, Circuit Judges.
————————————————————

Isidro Alonso Pacheco-Espinoza challenges the procedural and substantive

reasonableness of his sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

**I**

Pacheco pled guilty to conspiracy to distribute marijuana in violation of 21

U.S.C. § 846, possession with intent to distribute marijuana in violation of 21 U.S.C.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 841(a)(1) and 841(b)(1)(D), and reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). His presentence investigation report listed a total offense level of 18 and a criminal history category of IV, resulting in an advisory Guidelines range of 41 to 51 months. Pacheco did not object to this Guidelines range.

The government recommended a Guidelines sentence based primarily on Pacheco's criminal history. In 2002, Pacheco was convicted of conspiracy and possession with intent to distribute 154 kilograms of marijuana in exchange for $2,500 dollars. He was sentenced to 37 months in custody, lost his Legal Permanent Residency status, and was deported to Mexico. In 2016, Pacheco was convicted of reentry of a removed alien and sentenced to six months of custody and three years of supervised release. Additionally, Pacheco has a 2002 conviction for driving while intoxicated.

Pacheco requested a variance to a below-Guidelines sentence of 24 months and a concurrent sentence in his revocation proceedings based on his personal history, family's destitute financial situation and serious medical hardships, and effort to reform himself and help others while in county jail. He explained that after being deported in 2016, he began working in Mexico primarily as a mechanic. In the winter of 2019, he was struggling financially because he had limited work and few customers that could afford to pay. He had no money for rent, food, or school supplies for his children, so when he was offered a chance to support his family by transporting marijuana into the United States, he agreed.

Since Pacheco's arrest, his family has fallen on hard times. His wife had to sell the tools Pacheco used as a mechanic to provide food for the family. One of Pacheco's stepdaughters recently had her appendix removed. His other stepdaughter gave birth to a premature infant with a severe medical condition that the family cannot afford to treat. Additionally, Pacheco's wife has had to care for her father, who has chronic obstructive pulmonary disease.

Pacheco has begun significant efforts at rehabilitation. He started a bible study group at the Dona Ana County Detention Center. He stated that once he is released, he plans to work at the Yazaki factory in Ascension, where he hopes to make enough money to support his family.

The district court considered Pacheco's personal circumstances and efforts at rehabilitation but found that neither warranted a downward variance. The court imposed a 41-month sentence, the bottom of the Guidelines' range. Pacheco timely appealed.

## II

"On appeal, we review sentences for 'reasonableness,' which has both procedural and substantive dimensions." United States v. Martinez-Barragan, 545 F.3d 894, 898 (10th Cir. 2008) (citation omitted). "That is, we consider both the length of the sentence, as well as the method by which the sentence was calculated." Id. (quotation omitted).

**A**

Unpreserved challenges to the procedural reasonableness of a sentence are reviewed for plain error.  United States v. Ortiz-Lazaro, 884 F.3d 1259, 1262 (10th Cir. 2018).  This court will find plain error when "there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. (quotation omitted).  The defendant bears the burden of establishing all four factors.  See United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004).

In reviewing a sentence for procedural reasonableness, this court looks to whether the district court "committed any errors in calculating or explaining its sentence."  United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009).  A district court can commit procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Gall v. United States, 552 U.S. 38, 51 (2007).

Pacheco makes three arguments that his sentence was procedurally unreasonable.  First, he argues that the district court failed to meaningfully consider his personal characteristics, family circumstances, and efforts at rehabilitation.  Although it is reversable error for a court to fail to consider the § 3553(a) factors, Pacheco's argument is not supported by the factual record.  The court explicitly acknowledged Pacheco's personal circumstances but found "[his situation is] similar

to almost every Defendant I hear here, comes and leaves their family in Mexico, they have the hardship, they need support, they need money so that, to me, does not make it special." The court also considered Pacheco's rehabilitative work but again found that it did not merit a variance: "I've got to tell you virtually every Defendant that I'm about to sentence to prison tells me that he has since obtained religious conversion while he's in jail, I've heard that before." On this record, we cannot conclude that the court erred by failing to consider the § 3553(a) factors.

Pacheco also argues that the district court erred in elevating deterrence over the other § 3553(a) factors. This court has cautioned district courts "against excessive reliance on a single factor in sentencing." United States v. Cookson, 922 F.3d 1079, 1093 (10th Cir. 2019). However, district courts are not required to give all § 3553(a) factors equal weight. Id. at 1094. The record shows that the court considered a variety of § 3553(a) factors and, having found that Pacheco's personal circumstances did not merit a variance, decided that deterring other defendants from committing these crimes warranted a Guidelines range sentence. The district court's choice to give more weight to deterrence than Pacheco's personal circumstances after considering the evidence before it was not a procedural error.

Finally, Pacheco argues that the district court erred in impermissibly assuming that the Guidelines range was presumptively reasonable. It is reversable error for a judge to expressly declare the Guidelines presumptively reasonable. Nelson v. United States, 555 U.S. 350, 352 (2009). Though circuit courts "may apply a presumption of reasonableness to a district court sentence that reflects a proper

- 5 -

application of the Sentencing Guidelines," "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Rita v. United States, 551 U.S. 338, 347, 351 (2007). However, it is generally presumed that sentencings courts "know the law" "absent some indication in the record suggesting otherwise." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1201 (10th Cir. 2007) (quotation omitted).

Pacheco points to the following remark as evidence that the court presumed the Guidelines reasonable: "I'm sorry, but I find no basis for a departure or variance. If this was a[n] original determination I would feel differently, but the law does not justify me in sentencing you below the Advisory Guideline range, although a low end would certainly be appropriate." This isolated statement is insufficient to rebut the presumption that sentencing courts know the law. The statement is consistent with the court's conclusion that the § 3553(a) factors did not justify a downward variance, and a Guidelines range sentence is reasonable in this case. Additionally, the court explicitly noted that the Guidelines are only advisory, and there are no other indications in the record that suggest the court believed its discretion was inappropriately restrained. Without more, we cannot conclude that the court procedurally erred.

**B**

Challenges to the substantive reasonableness of a sentence are reviewed for abuse of discretion. United States v. Chavez, 723 F.3d 1226, 1233 (10th Cir. 2013). A court abuses its discretion if the sentence "is arbitrary, capricious, whimsical, or

manifestly unreasonable." United States v. Durham, 902 F.3d 1180, 1236 (10th Cir. 2018) (quotation omitted). When the sentence falls within or below the applicable Guidelines range, the sentence is presumptively reasonable. United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011). The party challenging the sentence bears the burden of rebutting this presumption. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).

Pacheco argues that the district court erred by failing to give proper weight to mitigating § 3553(a) factors and giving too much weight to the general need for deterrence. Excessive reliance on one sentencing factor to the exclusion of others can render a sentence substantively unreasonable. Cookson, 922 F.3d at 1092. However, the district court "need not afford equal weight to each § 3553(a) factor . . . and we will defer on substantive-reasonableness review not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." Id. at 1094 (quotation and citation omitted).

Pacheco cannot overcome the presumption that his sentence at the bottom of the Guidelines range was reasonable. As noted above, the district court considered the § 3553(a) factors raised by Pacheco in concluding that a downward variance was not justified. The court determined that Pacheco's personal history and rehabilitative work were not materially different from other defendants. It considered evidence that Pacheco had previously been convicted of illegal reentry and possession with intent to distribute and committed the instant offenses while on supervised release. The court also considered, and attached special weight, to the risk that other

- 7 -

individuals would be more likely to illegally reenter the United States or possess illegal drugs with the intent to distribute if the court granted too low a sentence. Pacheco's disagreement with how the district court weighed these factors is insufficient for us to conclude that the court abused its discretion.

## III

For the foregoing reasons, the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge