**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEMITREZ ALLEN GUNN,

    Defendant - Appellant.

No. 24-6191
(D.C. No. 5:23-CR-00334-JD-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.
_____

Appellant Demitrez Allen Gunn pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Mr. Gunn to 30 months' imprisonment to run consecutively with certain undischarged revocation sentences imposed in state court and three years of supervised release. Mr. Gunn appealed. On appeal, Mr. Gunn's counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967).

---

[*] After examining the brief and appellate record, this panel has determined unanimously to honor the party's request for a decision on the brief without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291, and after conducting the independent review required by *Anders*, we grant counsel's motion to withdraw and dismiss the appeal.

I.

On August 16, 2023, a grand jury charged Mr. Gunn with one count of violating § 922(g)(1). Mr. Gunn initially pleaded not guilty, but later sought to change his plea to guilty. The written plea petition advised Mr. Gunn of his trial rights, advised that a guilty plea would waive those rights, and provided the statutory penalty range under 18 U.S.C. § 924(a)(8). The plea petition also explained sentencing, the lack of limitation on the district court judge's considerations in determining a sentence, and that sentencing lies completely in the purview of the district court judge. In the signed plea petition, Mr. Gunn expressly stated he knowingly possessed a firearm despite having felony convictions.

At the plea hearing, the district court advised Mr. Gunn of the impact and consequences of a guilty plea and questioned him under oath to determine whether he understood the impact of a guilty plea, ensure the plea was voluntary, and establish the factual basis for the plea. Through this process, the district court asked Mr. Gunn if he understood the process for sentencing, including the applicability of the United States Sentencing Guidelines. Mr. Gunn indicated he did. The district court explained that the advisory sentencing guideline range was dependent on the information in the Presentence Investigation Report (PSR) in conjunction with other sentencing factors found in 18 U.S.C. § 3553(a). Finally, the district court again

2

confirmed Mr. Gunn understood the impact of signing the guilty plea petition and asked him to affirm that he was doing so "freely, knowingly, and voluntarily[,]" to which Mr. Gunn responded, without objection:  "Yes, ma'am."  R. vol. 3 at 22.

The PSR calculated an offense level of 17 and a criminal history category of III, which corresponded to an advisory guidelines range of 30 to 37 months' imprisonment.  And because the offense was a Class C Felony, the supervised release guidelines range was one to three years.  *See* U.S. Sent'g Guidelines Manual (USSG) § 5D1.2(a)(2) (U.S. Sent'g Comm'n 2021); 18 U.S.C. § 3583(b)(2).  The PSR recommended the sentence be imposed consecutively to the two state sentences. Mr. Gunn's sentencing memorandum requested a 30-month sentence to run concurrently with his state sentences.  The government advocated for a 37-month sentence to run consecutively.  Neither party objected to the PSR.

During the sentencing hearing, the district court adopted the findings and proposed calculations in the PSR.  In addition to hearing from the parties, the district court opened a discussion about whether the sentence should be concurrent or consecutive to Mr. Gunn's state sentences.

After hearing that discussion, the arguments presented by the parties, and Mr. Gunn's allocution, the district court considered the § 3553(a) factors, and sentenced Mr. Gunn to a within-guidelines term of 30 months' imprisonment to run consecutively to the state sentences and three years of supervised release.  Mr. Gunn timely appealed.

3

II.

Mr. Gunn's counsel filed an *Anders* brief and moved to withdraw as counsel. In the *Anders* brief, counsel states that any challenge to Mr. Gunn's conviction, which was based on his guilty plea, or the reasonableness of his sentence would be frivolous. The government did not file a response brief. We provided a copy of the *Anders* brief to Mr. Gunn and invited him to file a response, which he did not do.

*Anders* requires this court to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). If the claims are frivolous, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

We review an unpreserved challenge to entry of a guilty plea for plain error. *United States v. Carillo*, 860 F.3d 1293, 1300 (10th Cir. 2017). The plain error standard requires an appellant to show "(1) an error; (2) the error is plain or obvious; (3) the error affects the appellant's substantial rights . . .; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* An appellant's substantial rights are only affected if the appellant shows that but for the error, he would not have pleaded guilty to the charged offense. *Id.* at 1301.

At the plea colloquy, Mr. Gunn did not raise any objections. Nor does the record indicate the district court committed plain error in accepting Mr. Gunn's guilty plea. Thus, we agree with Mr. Gunn's counsel that any challenges Mr. Gunn might raise to the validity of his guilty plea would be frivolous.

4

This leaves the reasonableness of the sentence. We review an unpreserved challenge to the procedural reasonableness of a sentence for plain error. *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1262 (10th Cir. 2018). And we review substantive reasonableness for abuse of discretion. *Id.* at 1265. Analyzing procedural reasonableness asks whether the district court committed any errors in calculating or explaining the sentence, *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009), whereas substantive reasonableness "concerns the sentence's length," *United States v. Brooks*, 736 F.3d 921, 941-42 (10th Cir. 2013). A substantively unreasonable sentence is one that "exceeds the bounds of permissible choice, given the facts and the applicable law." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (internal quotation marks omitted). A sentence within the properly calculated guideline range is presumptively reasonable. *Id.*

The record does not indicate the sentence was procedurally unreasonable. Nor does it support a challenge to the substantive reasonableness of Mr. Gunn's sentence. The district court validly exercised its discretion in choosing to run the within-guidelines sentence consecutively to the state sentences. *See* USSG § 5G1.3(d). And it imposed a supervised release term with conditions advised under the guidelines. Thus the 30 months' imprisonment and three-year term of supervised release are all permitted by law. Any challenge to the reasonableness of Mr. Gunn's sentence would be frivolous.

5

III.

Because there are no non-frivolous issues that could be raised on appeal, we grant the motion to withdraw and dismiss the appeal.

Entered for the Court


Allison H. Eid
Circuit Judge